B. H. PARKHURST v. J. B. HARROWER.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF TIOGA COUNTY.

Argued May 5, 1891—Decided May 18, 1891.

(a) A testator devised land to Benjamin "during the period of his natural life, remainder thereof to his issue, if there be any at the time of his decease, in fee-simple, the issue of any deceased child of the said Benjamin to take the same share and estate as the parent would have been entitled to if living at the death of said Benjamin."

(b) "But on failure of issue of said Benjamin, or of his deceased child or children, at the time of his death, then I direct that the said real estate, above devised to said Benjamin for life, shall at the time of his decease go to and vest in the then heirs at law of me, the said testator, in fee-simple," in shares as under the intestate law:

1. By the word "issue" the testator did not mean "heirs of the body," as a word of limitation, but, instead thereof, the children and grandchildren of his son Benjamin. A definite, not an indefinite failure of

Statement of Facts.

issue was intended; and therefore, the devise to Benjamin was but a life-estate, not a fee-tail enlarged by the act of April 27, 1855, P. L. 368, to a fee-simple.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 101 January Term 1891, Sup. Ct.; court below, No. 85 April Term 1889, C. P.

On February 21, 1889, Benjamin H. Parkhurst as plaintiff, and James B. Harrower, as defendant, filed a case stated in which it was agreed as follows:

That Joel Parkhurst, seised in fee of a certain parcel of land adjacent to Elkland borough, died on December 6, 1884, leaving a will, duly admitted to probate, containing the provisions quoted at length in the opinion of the court, infra; that the said deceased left to survive him a widow, Martha Parkhurst, two daughters, Anna S. Parkhurst, then intermarried with C. L. Pattison, and Susie A. Parkhurst, since intermarried with J. B. Grier, and one son, Benjamin H. Parkhurst, plaintiff herein, then about twenty-one years of age, unmarried, and not "in contemplation of marriage;" that, by the provisions of his will referred to, the testator devised the said land to the said Benjamin H. Parkhurst, who, on January 1, 1889, entered into a written contract with J. B. Harrower the defendant herein, (attached as an exhibit,) agreeing to sell and convey the same to said Harrower by a good and sufficient deed in fee-simple; that the plaintiff was ready and willing to execute and deliver to the defendant a special-warranty deed in fee in fee-simple for said land, but the defendant refused to pay the purchase money agreed to be paid by said contract, alleging that under the will of said deceased the plaintiff did not have a fee-simple title to said land: If the court should be of the opinion that the said will invested the plaintiff with a title in fee-simple to the said land, judgment to be entered for the plaintiff for the amount named in said contract; but if the court should be of the opinion that the plaintiff had but a life-estate therein under said will, then judgment for the defendant.

After argument of the case stated, the court, MITCHELL, P. J., on March 8, 1889, entered judgment on the case stated for the defendant; exception. Thereupon, the plaintiff took this

Opinion of the Court.

appeal, specifying that the court erred in entering judgment for the defendant, and in not entering judgment for the plaintiff.

*Mr. C. L. Peck* (with him *Mr. John H. Orvis*), for the appellant.

Counsel cited : (1) Powell v. Board of Missions, 49 Pa. 53 ; Taylor v. Taylor, 63 Pa. 483 ; Reinoehl v. Shirk, 119 Pa. 113 ; Kleppner v. Laverty, 70 Pa. 70 ; Paxson v. Lefferts, 3 R. 59 ; Criswell's App., 41 Pa. 288 ; Cockins' App., 111 Pa. 26 ; Guthrie's App., 37 Pa. 15 ; Walker v. Milligan, 45 Pa. 178 ; Nicholson v. Bettle, 57 Pa. 384 ; Hill v. Hill, 74 Pa. 173 ; Daley v. Koons, 90 Pa. 246 ; Robins v. Quinliven, 79 Pa. 333 ; Haldeman v. Haldeman, 40 Pa. 36 ; Williams's App., 83 Pa. 377 ; Mason v. Ammon, 117 Pa. 127 ; Findlay v. Riddle, 3 Binn. 139 ; Lawrence v. Lawrence, 105 Pa. 335 ; Hackney v. Tracy, 137 Pa. 53.

There was no appearance for the appellee.

PER CURIAM :

The single question here is, whether the plaintiff has, by virtue of the devise to him by his father, Joel Parkhurst, an estate in fee-simple, in the real estate in question, which he can assure to the defendant by deed of special warranty. That portion of the will of Joel Parkhurst, under which this contention arises, is as follows :

" I also give and devise to the said Benjamin H. Parkhurst . . . . . the Timothy Coates farm, to have and to hold the said last three lots of land above described, with the appurtenances, to the said Benjamin H. Parkhurst during the period of his natural life, remainder thereof to his issue, if there be any at the time of his decease, in fee-simple, the issue of any deceased child of the said Benjamin to take the same share and estate as the parent would have been entitled to if living at the death of said Benjamin. But, on failure of issue of said Benjamin, or of his deceased child or children, at the time of his death, then I direct that the said real estate, above devised to said Benjamin for life, shall at the time of his decease go to and vest in the then heirs at law of me, the said testator, in fee-simple, in such shares as the said heirs would be entitled to under the intestate laws of the state of Pennsylvania."

Opinion of the Court.

The contention of the appellant is that under this will he took an estate-tail, which was enlarged into a fee by the act of 1855. On the other hand, the appellee contends the appellant took a life-estate only. The court below sustained the latter proposition.

It will be seen, from a careful examination of the above clause in his will, that the testator gives to his son Benjamin (*a*) an estate for life; (*b*) remainder to his issue, (if there be any at the time of Benjamin's decease,) and to the issue of any deceased child of the said Benjamin; and (*c*) remainder to the heirs at law of the said testator, on failure of issue of said Benjamin, or of his deceased child or children, at the time of his (Benjamin's) death.

In a will, the word "issue" prima facie means "heirs of the body," and is a word of limitation and not of purchase, unless there be something on the face of the will to show it was intended to have a less extended meaning, and to be applied to children only, or to a particular class, or at a particular time: Reinoehl v. Shirk, 119 Pa. 113; Shalters v. Ladd, 141 Pa. 349. It is therefore to be construed either as a word of limitation or of purchase as will best effectuate the intention of the testator gathered from the whole instrument. It is manifest from an examination of this will that when the testator used the word "issue," he intended children and grandchildren of his son Benjamin. When he speaks of the "failure of issue of said Benjamin, or of his deceased child or children," he refers to Benjamin's death without leaving a child or children, or the issue of a child or children surviving him, the said Benjamin. The words "issue" and "children" are used synonymously.

The words "die without leaving issue," and other expressions of the same import, standing alone, mean an indefinite failure of issue: Taylor v. Taylor, 63 Pa. 481; Middleswarth v. Blackmore, 74 Pa. 414. At common law, in the absence of words making a different intent apparent, the established interpretation of such expressions in a will is that they import a general indefinite failure of issue, and not a failure at the death of the first taker; and such has undoubtedly been the rule in this state since Eichelberger v. Barnitz, 9 W. 447; Hackney v. Tracy, 137 Pa. 53. This rule, however well established, always yields when a contrary intent is clearly expressed by a testator.

The language used by this testator leaves no room for doubt upon this question. He refers, as clearly as language can make it, to a failure of issue at the death of the first taker, viz., his son Benjamin. The gift to the latter "during the period of his natural life, remainder to his issue, if there be any at the time of *his* decease," and the words, " on failure of issue of said Benjamin or of his deceased child or children, *at the time of his death*," all contained in the same paragraph, clearly refer to the death of Benjamin, and not an indefinite failure of issue.

We have, then, a gift to Benjamin for life, remainder to his children and grandchildren, if any there be at the time of his death; and, in case there shall be neither living at Benjamin's death, then to the heirs at law of the testator as they would take under the intestate laws. We are of opinion the learned judge below was right in holding that Benjamin took but a life-estate, and in entering judgment for the defendant in the case stated.

Judgment affirmed.