WILKINSON v. BOYD.

(Filed September 20, 1904).

WILLS—*Legacies and Devises—Specific Performance.*

> Where real estate is devised to a person, with a proviso that if
> such person dies without children, then the said property to
> go to other persons named in the will, the first taker is in-
> vested with a fee defeasible on dying childless.

ACTION by G. L. Wilkinson and wife against H. C. Boyd,
heard by *Judge George H. Brown,* at August Term, 1904, of
the Superior Court of BEAUFORT County. From a judg-
ment for the defendant the plaintiffs appealed.

*Rodman & Rodman,* for the plaintiffs.
No counsel for the defendants.

MONTGOMERY, J.   The construction of the fourth clause
of the will of Moses Windley is the matter before the Court,
and, as will be seen, its meaning is largely dependent upon
one of the provisions of item 3, which is as follows: "Item 3.
I give unto my daughter, Nancy E. Windley, with a proviso
that if she should die without no children, the plantation
(describing it) ; that if she should die without children, then
I give said plantation above named to my three other chil-
dren, if a-living, to Henry A. Windley, Martha J. Windley
and Mary A. Windley, to be equally divided between them.

"Item 4. I give with the same proviso the plantation (the
one in controversy) to my daughter, Martha J. Windley, that
if she should die without leaving lawful heirs begotten of her
own body, then I give said plantation to my other three chil-
dren and their heirs, the said plantation above named to be
equally divided *been* them."

Upon reading the judgment of the Court below it appears that one of the contentions, if not the only one, of the plaintiff appellants—Martha Wilkinson *nee* Windley and her husband—was that Martha, under the fourth clause of the will of her father, took an estate of inheritance under the law known as the "Rule in Shelley's Case." In the appellant's brief filed in this Court, however, that position is not taken, the only contention therein made being that all general devises of land are presumed to be given in fee, and that in the present case the intention of the devisor was to devise the land in fee-simple to Martha, his daughter, provided she should leave "lawful heirs begotten of her body," and that as she had married and had children, the only condition by which the estate was intended to be defeated had been complied with, and thereupon that Martha, the devisee, became seized of an indefeasible estate in fee-simple.

There could be in this case no application of the Rule in Shelley's Case. If it should be contended that under the fourth item Martha, the appellant, was given a life estate in the property, with remainder over "to the lawful heirs begotten of her own body," those words would have to be construed to mean her *children,* for in item 3 the word "children" is used in connection with the devise to the devisor's daughter, Nancy, and that proviso is carried into item 4 in connection with the devise to the appellant, Martha, and in cases where the subsequent takers are designated as *children* the Rule in Shelley's Case does not apply. *Leathers v. Gray,* 101 N. C., 162, 9 Am. St. Rep., 30; *Hauser v. Craft,* 134 N. C., 319.

As to the contention of the appellant, as it is set out in the brief of counsel and which we have already stated, it cannot be maintained. In *Whitfield v. Garris,* 131 N. C., 148, where the language of the devise is almost identical with that in the case before us, except as to names and description of property, it was decided that where property is devised to one

generally, and if he should die without leaving children or heirs of his body, then over to others, the first taker is invested with a fee defeasible on his dying childless. But that if he die leaving children and not having disposed of the property, then the children take no estate as purchasers by implication under the will, unless that was the testator's intention, expressed in the will or to be clearly inferred therefrom, and the primary devisee takes the estate of inheritance.

In the present case the devisee, Martha, has children, but it does not necessarily follow that any of them will be alive at the time of her death. And the condition of the will is only fulfilled if she have children living at that time. If, then, the devisee, Martha, should have no children at the time of her death, the limitation of the contingent remainder to the other three children of the testator would take effect, and his Honor properly held that the appellant, who had contracted to sell and convey the property to the appellee, could not make a good and indefeasible title in fee thereto.

Affirmed.