E. L. FAISON et al. v. S. R. ODOM.

(Filed 12 March, 1907).

**Wills—Devise—Heirs—Children—Intention—Rule in Shelley's Case.**
    A devise of certain lands in trust to the use of one, and after
    his death to his issue forever, when it appears in an ulterior
    limitation that the words "issue" and "children" were used in the
    will as correlative terms, passes only an equitable estate for life
    to the first taker, and an equitable estate in fee to his children,
    the Rule in Shelley's case having no application.

ACTION of ejectment, heard at October Term, 1906, of SAMPSON Superior Court, before *Jones, J.,* and a jury. The plaintiffs claimed title under the will of William Faison, as remainderman. His Honor held that E. L. Faison, the plaintiffs' father, took a fee under said will under the Rule in Shelley's Case and that the plaintiffs took nothing. The plaintiffs submitted to a nonsuit and appealed.

*George E. Butler* for plaintiffs.
*John D. Kerr* and *F. R. Cooper* for defendant.

BROWN, J.   The plaintiffs' right to recover depends upon the construction placed upon the eighth item of the will of William Faison, dated 18 May, 1855, and which, relieved of unnecessary surplusage, reads as follows: "I give, devise and bequeath unto my son, Matthew J. Faison, and his heirs, in trust for the use and benefit of my son Edward, during his life, my Chestnut lands on the west side of the Six Runs, etc., and after the death of my said son Edward, to his issue forever; and in case of his death without leaving issue, I give, devise and bequeath the lands devised in trust to him unto his surviving brothers and their heirs, and in case of their death before him and leaving children, to such issue and their heirs."

In this will the testator devises an equitable estate for life to Edward Faison and an equitable estate in fee "to his issue forever."   The limitation over to the surviving brothers would not prevent the application of the rule, had the first devise been to Edward Faison and his heirs or the heirs of his body.

There have been cases where it was the manifest intention of the testator that the second taker should take, not from him, but from the first taker; then the words "children," "issue," etc., as well as the word "heirs," have been construed in some jurisdictions as words of limitation, and the Rule of Shelley's Case applied. *Brinton v. Martin,* 197 Pa. State, 618.   In the will under consideration there is no manifest intention that Edward Faison should be the root of a new succession and that those in remainder should take as his heirs.   In order to bring the rule into operation, the limitation must be to the "heirs *qua* heirs" of the first taker.   "It must be given to the heirs or heirs of the body as

an entire class or denomination of persons, and not merely to individuals embraced within such class." 25 Am. and Eng. Enc., 650, and cases cited.

When the devise is to one for life and after his death to his children or issue, the rule has no application unless it manifestly appears that such words are used in the sense of heirs generally. 25 Am. and Eng. Enc., *supra,* 651, and cases cited.

In this will the word "issue" is evidently used in no such sense, but as a correlative term for children, and this word is not sufficient to indicate a purpose to create an estate of inheritance in Edward Faison. *Hauser v. Craft,* 134 N. C., 329, and cases cited; *Starnes v. Hill,* 112 N. C., 1; *Rollins v. Keel,* 115 N. C., 68. That the word "issue" is used in the sense of children is indicated plainly in the ulterior limitation to the surviving brothers, in which the testator uses this language: "and in case of their death before him and leaving children, to *such issue* and their heirs."

We are of opinion that Edward Faison took a life-estate only in the land in controversy, and that the plaintiffs, his children, take the land in fee, and their father being now dead, they are entitled to possession, unless the defendants can show some other and better title or defense.

New Trial.