LAURA A. MILLER v. LAURA A. HARDING ET AL.

(Filed 14 October, 1914.)

1. **Wills — Estates — Limitations Over — "Blood Relative"—Heirs—Rule in Shelley's Case.**

  A devise of an estate for life with limitation over to G. "to have and to hold during her natural life and at her death to her nearest blood relative," does not create a fee simple in the remainderman after the death of the first taker, for the term "nearest blood relative" is not equivalent to the word "heirs." The rule in *Shelley's case* does not apply.

2. **Estates for Life—Reinvestment—Findings of Fact—Appeal and Error.**

  In this case the plaintiff contended that she took a fee-simple estate under the construction of a will devising lands to her, and requested that should she be held to take a life estate, the lands be sold and reinvested for her. The lower court correctly holding, upon the evidence, that the plaintiff took only a life estate, found as facts that her present income was sufficient for her support in her condition of life, that her income would be increased by the sale, etc., but that she would be the only one materially benefited, and refused to order the lands sold; and on appeal it is held that the Supreme Court is bound by these findings, and no error is found.

APPEAL by plaintiff from *Whedbee, J.,* at March Term, 1914, of LENOIR.

This is a civil action triad upon facts agreed.

His Honor rendered judgment in favor of the defendants. The plaintiff appealed.

*Rouse & Land for plaintiff.*
*L. R. Varser, W. D. Pollock, Loftin & Dawson for defendants.*

BROWN, J. This is an action brought to construe the will of Richard F. Green, as follows: "Item: I give and bequeath to my wife, Eliza B. Green, my house and lot in the town of Kinston in which I now reside, together with all my household and kitchen furniture and all other improvements thereunto belonging, to have and to hold during her natural life and at her death to go to my daughter, Laura A. Green, to have and to hold during her natural life, and at her death to her nearest blood relative."

The plaintiff also prays for a sale of the lot and the investment of the proceeds in case the court should be of opinion that she has only a life estate therein. We are of opinion that his Honor was correct in holding that the plaintiff acquired only a life estate under the terms of the will.

The plaintiff contends that the use of the words "to have and to hold during her natural life and at her death to her nearest blood relative"

converts the estate into a fee under the rule in *Shelley's case,* that the use of the term "nearest blood relative" is equivalent to the use of the word "heirs."

This contention cannot be maintained. The word "heir" or "heirs" is not synonymous with the term "nearest blood relative." In its primary sense, the word "heir" means a person who inherits, or may by law inherit, from a decedent. The word refers to a class of persons who take by succession from generation to generation, and means all who take generally without exception, as a class of inheritable persons.

In the rule in *Shelley's case* the word "heirs" imports the heirs of a person generally or heirs of the body, and not any particular class of heirs to the exclusion of others. If the limitation over is to a particular heir or class of heirs, to the exclusion of heirs generally, the rule would not apply.

In the case of *Ward v. Stowe,* 17 N. C.; 512, *Judge Gaston* says: "An heir is he who succeeds by descent to the inheritance of an ancestor, and in this, its appropriate sense, the word comprehends all heirs and the heirs of heirs, *ad infinitum,* as they are called by law, to the inheritance. This succession is regulated by the canons of descent. According to one of these, the lineal descendants of any person deceased represent their ancestors, or stand in the place in which such ancestor would have stood if living at the time of the descent cast, and it is this taking by a right of representation which is termed a succession *per stirpes,* or by stocks, the branches taking the same share which their stock would have done."

It is thus plain that the "nearest blood relative" of Laura A. Green would not necessarily include all of her heirs within the meaning of the rule in *Shelley's case.* To illustrate: at her death she may leave a brother, and nephews and nieces, children of a deceased brother; in which case the surviving brother would be her "nearest blood relative"; but her nephews and nieces would, also, be equally her heirs to that part of her land which their father, if living, would have inherited. They would not take from their father, however, but directly from Laura A. Green.

Upon the second branch of the case, in which the plaintiff asked that the land be sold and the proceeds invested, his Honor made the following findings:

"First. That the gross annual income to the plaintiff from the lands sought to be sold by her in this action does not exceed $300.

"Second. That by a sale of the said lands and by a proper reinvestment of the funds derived therefrom a gross annual income to the plaintiff of $900 could be obtained.

"Third. That the plaintiff is now 64 years of age.

"Fourth. That, in addition to the income to the plaintiff from the lands sought to be sold in this action, she receives from other lands an annual net income of $300, which, when taken together with the income from the lands sought to be sold herein, is sufficient for her maintenance and support in keeping with her station in life, and that she has no other source of income.

"Fifth. That the interest of those who will take said land in remainder at the death of the plaintiff neither requires the sale of the said lands, or any part thereof, for the purpose of reinvestment as provided by law, nor would their interest be materially enhanced by it, but the only party whose interest either requires or would be naturally enhanced by such sale and reinvestment is the plaintiff.

"Now, therefore, on motion of counsel for the defendants, Faulkner, it is ordered, adjudged, and decreed that this action be and it is hereby dismissed, the court holding that the plaintiff has made no showing which in law or equity justifies the sale of the said lands or any part thereof."

It is unnecessary for us to decide whether the land can be sold against the wishes of a vested remainderman, at the instance of the life tenant, or whether there is any contingent interest involved, which can be represented before the Court. *Hodges v. Lipscomb,* 133 N. C., 201.

The findings of fact made by his Honor, based upon the evidence offered, are binding upon us, and we think under those findings his Honor very properly refused to enter a decree for the sale of the land.

Affirmed.