## CLAUDE ETHERIDGE v. EAGLES-HOUSE REALTY COMPANY.

### (Filed 7 April, 1920.)

**Wills—Devise—Estates —"Issue"— Children—Correlative Terms—Deeds and Conveyances—Fee Simple Title.**

> The intention of the testator as gathered from the terms of the will control as to whether the word "issue" shall mean "children" and slight indications thereof may be sufficient to show his intention that they should have a correlative meaning; and where the devisee was a child of the testator and the disposition of other lands to his other children indicates that he meant "children" by the word "issue," that meaning will be given; and a devise to testator's daughter M. during her natural life and after her death, to her issue and her heirs, the deed of M. and her children, assuming that she will not thereafter have other children, will convey a fee simple title to their grantee.

CONTROVERSY without action, tried by *Lyon, J.,* at March Term, 1920, of EDGECOMBE.

There was judgment for the plaintiff, and the defendant appealed.

*W. O. Howard for plaintiff.*
*H. G. Connor, Jr., for defendant.*

BROWN, J. This is an action for the construction of the words "her issue" in the devise to Maud S. Bullock in item three of the Arch Braswell will, the words of the devise being as follows: "To have and to hold unto the said Maud S. during her natural life, and after her death to her issue and their heirs."

The said Maud S. is about 65 years of age, and has two children, Ernest Bullock and Maud S. Bullock, who were born prior to death of testator, and the said Ernest Bullock has two children who are minors. Maud S. Bullock and her children, Ernest Bullock, and wife, and Maude Bullock, conveyed the land devised to plaintiff, who contracted to convey the same to defendant, and the question for determination is whether plaintiff can convey a good title provided the said Maud S. Bullock shall have no other child or children born unto her, and this depends upon

the meaning of the words "her issue," that is, whether it means her children, or her lineal descendants.

Waving the contingency of further children born to Maud S. Bullock, which is waived by the defendant, we are of opinion that a deed made by the said Maude S. Bullock and her children conveys a good title to the defendant for the land purchased. There are authorities that the word issue, when used in a will and unexplained by the context, may mean descendants, but in this, as in all other cases involving the construction of wills, the intention of the testator governs.

Where it is held to mean descendants, it is held to mean children upon a slight indication in other parts of the will that such was the intention of the testator. *Ford v. McBrayer,* 171 N. C., 424; *Palmer v. Horn,* 84 N. Y., 516; 2 Jarman Wills, 635.

In *Faison v. Odom,* 144 N. C., 108, a devise "for the use and benefit of my son Edward during his life, and after the death of my son Edward to his issue forever, in case of his death without leaving issue, I give, devise, and bequeath unto his surviving brothers and their heirs, and in case of their death before him and leaving children, to such issue and their heirs"; it is held that the word "issue" here means children from the construction placed on the word by the testator himself, "such issue" being a correlative term for children.

In this case we think it is manifest that the testator in using the words "her issue" meant the children of Maud S. Bullock. He devised his lands to his children, W. T. Braswell, J. C. Braswell, Mary E. Braswell, and Arch Braswell in fee, to W. T. Braswell in trust for Jas. W. for his natural life, and then to his *children* to be conveyed to them when the youngest becomes 21 years of age; and to Maud S., Helen Adrienna, and Alice Lee Joyner "during her natural life, and then to her issue." In Item 5 of the will, the devise to Alice Lee Joyner was in same terms as the devise to Maude S. Bullock in Item 3. Before the death of the testator, he sold the land devised to Mrs. Joyner and made a codicil, appointing a trustee to hold the money and directed that the income thereof be paid to her for life, and then to be equally divided between her *children.*

It seems from an examination of the several items of the will, which it is unnecessary to set out, that the testator uses the words issue and children as synonymous terms. The word issue is construed to mean children in *Palmer v. Dunham,* 125 N. Y., 68; *Brishin v. Huntington,* 5 Eng. Ann. Cases, 931. In that case it is held where the issue is to take the share of a deceased parent the word is construed to mean the children of such parent. See, also, *Cochrain v. Schnell,* 140 N. Y., 516; *King v. Savage,* 121 Mass., 302; *Parkhurst v. Harrower,* 142 Pa., 432.

Affirmed.