BENJAMIN W. BOBBITT v. S. PIERSON.

(Filed 23 March, 1927.)

**Estates—Remainders—"Issue"—Children—Rule in Shelley's Case.**

A devise to B. for his use or benefit as long as he lives, and at the time of his death to go to his issue: *Held*, the word "issue" is construed as children who take in remainder by purchase, the rule in *Shelley's case* not applying.

APPEAL by both parties from *Calvert, J.*, at November Term, 1926, of HALIFAX. Affirmed.

The court was of opinion, upon the statement of agreed facts submitted by the parties to this controversy without action, C. S., 626, that Benjamin W. Bobbitt is not seized of an estate in fee simple in and to the lot of land, which he has contracted to convey to S. Pierson, but that he is seized only of an estate for his life in and to said lot, with remainder to his children.

From judgment in accordance with this opinion, both parties appealed to the Supreme Court.

*Dunn & Johnson for plaintiff.*
*No counsel for defendant.*

PER CURIAM. Benjamin W. Bobbitt claims title to the lot of land which he has contracted to convey to S. Pierson, under the will of his grandfather, Walter V. Bobbitt. The said lot is therein devised to Benjamin W. Bobbitt, "for his own use and benefit as long as he lives, and at the time of his death, to go to his issue."

We concur in the opinion of the court below that Benjamin W. Bobbitt is not seized, by virtue of this devise, of an estate in fee simple in the lot of land which he has contracted to convey to defendant. He has an estate therein only for his life, with remainder to his issue. The word "issues," appearing in this will, must, in accordance with authoritative decisions of this Court, be construed as meaning children. *Etheridge v. Realty Co.*, 179 N. C., 407; *Ford v. McBrayer*, 171 N. C., 420; *Faison v. Odom*, 144 N. C., 108.

The rule in *Shelley's case* does not apply. The children of Benjamin W. Bobbitt, as his issue, take the remainder, after his death, as purchasers. Benjamin W. Bobbitt cannot convey to S. Pierson a fee-simple estate in and to the lot of land. The judgment is

Affirmed.