E. N. MOORE AND WIFE, FLORENCE W. MOORE; H. B. MOORE AND WIFE, ESTHER R. MOORE; BETH MOORE HUNTER (WIDOW), SALLIE H. LEGGETT AND HUSBAND, L. W. LEGGETT; ELIZABETH HYMAN (UNMARRIED), EMILIE HYMAN (UNMARRIED), W. D. HYMAN AND WIFE, HILDA E. HYMAN, AND E. P. HYMAN AND WIFE, BESSIE E. HYMAN, v. MARTHA NORMAN (PATTIE) BAKER (WIDOW), SALLIE BAKER EVERETT AND HUSBAND, B. B. EVERETT, AND JOHN B. CHERRY AND SUSIE HYMAN BOWDEN.

(Filed 22 March, 1944.)

**1. Partition § 4a: Pleadings § 16a—**

In a petition for partition of land, alleging that petitioners and defendants, except John B. Cherry, are tenants in common and owners of, and are seized in fee of the lands therein described, an additional statement that Cherry is in wrongful possession of some part of the land is insufficient to oust jurisdiction and a demurrer thereto was properly overruled.

**2. Wills § 33b: Estates §§ 5, 9a—**

In a will devising lands to testator's three daughters, during their natural lives, and providing that the share of each of the daughters shall upon her death go to *her children* and their heirs absolutely, the word "children" is a word of purchase. This use of "children" does not create an estate in fee simple or a fee tail which would be converted into a fee simple by G. S., 41-1.

**3. Wills §§ 33b: Estates § 9a—**

When the devise is to one for life and after his death to his children or issue, the rule in *Shelley's case* has no application, unless it manifestly appears that such words are used in the sense of heirs generally.

APPEAL by respondents other than Cherry and Bowden from *Parker, J.,* at November Term, 1943, of HALIFAX.

This is a special proceeding instituted before the clerk of the Superior Court of Halifax County on 4 February, 1942, for the partition of certain lands.

It is alleged that the petitioners and respondents are now tenants in common and are the owners of and seized in fee simple of the lands referred to in the petition, except the respondent John B. Cherry, and that the petitioners are informed and believe that the said John B. Cherry is now "in possession of some part of said lands, to which possession he is not entitled."

The respondents Martha Norman (Pattie) Baker, Sallie Baker Everett and B. B. Everett demurred to the petition on the ground (1) that the court had no jurisdiction in that the interest of John B. Cherry is not set out and it is affirmatively stated in the petition that the said defendant is in possession of a part of said land, to which possession he is not entitled, and (2) "that the complaint does not in law state a cause of action." The respondents Cherry and Bowden filed no pleadings.

The cause was heard upon the demurrers filed on 28 July, 1942, by the clerk of the Superior Court of Halifax County, and, after the suggestion of her death and the making of the personal representative of Martha Norman (Pattie) Baker a party, and the correction of certain errors in the transcription to the records of the will of the late S. R. Spruill, under which the petitioners claim title, the said clerk entered judgment sustaining the demurrer upon both grounds asserted, namely (1) the want of jurisdiction, and (2) the petition did not state a cause of action, and from this judgment of the clerk the petitioners appealed to the judge holding the courts of the district at term, and the judge at the August Term, 1942, of Halifax Superior Court, being of the opinion that it was without jurisdiction due to an improper joinder of parties and causes of action, sustained the demurrer on that ground; and having sustained the demurrer upon jurisdictional grounds, the court was of the further opinion that the second ground of demurrer, namely, the failure of the petition to state a cause of action, was not before the court, and, therefore, did not rule thereon.

The petitioners appealed to the Supreme Court from the judgment of the Superior Court sustaining the demurrer upon jurisdictional grounds, making as their only assignment of error the judgment signed.

The Supreme Court held that the allegation relative to the wrongful possession of John B. Cherry "is insufficient to convert this action into an action for ejectment and may therefore be treated as surplusage, except as affecting costs," and for that reason did not place the title to the *locus in quo* at issues, and such being the case, the petitioners were not required to prove title as in an action in ejectment, and hence the jurisdiction of the Superior Court was not denied by misjoinder. The

judgment of the Superior Court sustaining the demurrer and dismissing the action upon the ground of a misjoinder of parties and of causes of action was accordingly reversed. *Moore v. Baker,* 222 N. C., 736, 24 S. E. (2d), 749.

The cause came on to be heard at the November Term, 1943, of Halifax Superior Court, when and where the judge presiding denied a motion of the respondents that the entire proceeding be dismissed for the reason that it was *res adjudicata,* and ordered, pursuant to the opinion of the Supreme Court, that the judgment sustaining the demurrer upon the ground of lack of jurisdiction due to misjoinder of parties and causes of action be reversed, and ordered and decreed that the demurrer of the respondents on the ground that the petition does not state a cause of action be overruled. From this judgment the respondents appealed to the Supreme Court, assigning error.

*I. T. Valentine and Wilkinson & King for plaintiffs, appellees.*
*R. O. Everett and Irwin Clark for respondents, appellants.*

SCHENCK, J. From the outset this proceeding has posed two questions, the answers to which are determinative of the controversy. The first question is should the demurrers filed by the respondents be sustained upon the ground of a misjoinder of parties and of causes of action. This question has been previously answered in the negative. *Moore v. Baker, supra.* The second question is should the demurrers filed by the respondents be sustained upon the ground that the petition fails to state facts sufficient to constitute a cause of action. We are constrained to answer this question also in the negative.

The answer to the second question turns upon the construction of a portion of the will of the late S. R. Spruill admitted to probate in Book of Wills 6, page 179, office of the clerk of the Superior Court of Halifax County. Said portion of said will reads: "I give, devise and bequeath the whole of my estate, both real and personal, to my three daughters, Frances Elizabeth, Martha Norman and Susan Amelia during the time of their *natural lives.* No part of my estate is to be divided until the marriage of all of my three daughters, or in case of the death of one before marriage, then upon the marriage of the others, when the last one shall be married, my estate shall be divided between my said daughters who may then be living, and the issue of such as may then be dead leaving issue, the said issue to take *per stirpes* and not *per capita.* The share of each one of my said daughters shall upon her death go to *her children* and their heirs absolutely. Until the marriage of the last one of my said daughters my estate shall be held as common stock."

The petitioners are grandchildren of the testator and children of the testator's daughters mentioned in his will, and their spouses. The respondent Martha Norman (Pattie) Baker was a daughter of the testator and has died since the institution of this proceeding. The respondent Sallie Baker Everett is the daughter of the late Martha Norman (Pattie) Baker, and B. B. Everett is her husband. The respondent Susie Hyman Bowden is a daughter of the late Frances Elizabeth (Spruill) Hyman and a granddaughter of the testator. The respondent John B. Cherry is a stranger to the blood of S. R. Spruill, the testator.

The three daughters of the testator, Frances Elizabeth, Martha Norman and Susan Amelia, mentioned in the will, were all married before the institution of this proceeding, and all except Martha Norman died before the institution thereof. The parties to this proceeding include all of the children of the deceased daughters mentioned in the will of the testator.

It is the contention of the respondents, appellants, that the parties to this proceeding, children of the daughters of the testator, did not take under the will of their grandfather, S. R. Spruill, since such will created a fee tail title in their respective mothers, which was converted into a fee simple title by the statute (C. S., 1734, now G. S., 41-1), and therefore if such parties had any claim to the *locus in quo* it was by inheritance from their respective mothers, and the allegations in the petition that they took as tenants in common under and by virtue of said will were on its face erroneous—in other words, the word "children" was a word of limitation. However, with this contention we do not concur. We are of the opinion, and so hold, that the word "children" is a word of purchase. The will devises the real estate to the three daughters of the testator, naming them, "during the time of their *natural lives*" and provides that "the share of each one of my said daughters shall upon her death go to *her children* and their heirs absolutely." The use of the word "children" following the life estate does not create a fee simple estate or a fee tail estate which would be converted by the statute into a fee simple estate. "When the devise is to one for life and after his death to his children or issue, the rule (in *Shelley's case*) has no application, unless it manifestly appears that such words are used in the sense of heirs generally." 25 A. & E., 651, and cases there cited; *Brown, J.,* in *Faison v. Odom,* 144 N. C., 107, 56 S. E., 793. There is no indication here that the word "children" was used in the sense of heirs generally. It therefore appears that the parties to this proceeding took in remainder by purchase under the will of S. R. Spruill, the rule in *Shelley's case* not applying, *Bobbitt v. Pierson,* 193 N. C., 437, 137 S. E., 160, and thereby became tenants in common and were authorized to have the land partitioned under the provisions of C. S., 3215, *et seq.,* now G. S., 46-3, *et seq.*

It follows that the demurrer was properly overruled and the judgment of the Superior Court so holding should be affirmed, and it is so ordered.

Affirmed.