ELSIE JOHNSON WRIGHT, JULIA DAVIS WRIGHT CHANEY, DAVID WILSON WRIGHT, JR. AND HUGH COBB WRIGHT v. WILLIAM A. VADEN, TRUSTEE FOR THE BENEFICIARIES UNDER THE WILL OF THE LATE W. W. DAVIS, DECEASED, AND CHARLES W. CAMPBELL, GUARDIAN *ad litem* FOR JEAN JOHNSON WRIGHT, AND DAVID WILSON WRIGHT. III, MINOR CHILDREN OF DAVID W. WRIGHT, JR., AND WILLIAM DAVID CHANEY AND HARVEY LESTER CHANEY, III, MINOR CHILDREN OF JULIA DAVIS WRIGHT CHANEY, SALLY LYNN WRIGHT AND HUGH COBB WRIGHT, JR., MINOR CHILDREN OF HUGH COBB WRIGHT, AND ALL OTHER LINEAL DESCENDANTS OF ELSIE MAY JOHNSON, WHO IS ALSO KNOWN AS ELSIE MAY JOHNSON WRIGHT, INCLUDING SUCH UNBORN CHILDREN OR OTHER LINEAL DESCENDANTS OF THE SAID ELSIE MAY JOHNSON WRIGHT.

(Filed 14 January, 1966.)

**1. Venue § 3—**

An action for the construction of a will should be instituted in the county where the will was admitted to probate.

**2. Venue § 1—**

Failure to object to improper venue constitutes a waiver thereof.

**3. Wills § 32—**

The rule in *Shelley's* Case applies where there is a remainder over after a life estate to the heirs general of the life tenant, and if the words used, regardless of phraseology, disclose an intent to carry the remainder to such heirs the rule applies as a rule of property, notwithstanding testator may have intended to convey only a life estate to the first taker.

**4. Same—**

The word "purchaser" when used with reference to the rule in *Shelley's* Case designates one who takes an estate in his own right under the instrument, while words of limitation define the extent or quality of the estate.

5. Same—

   The word "children" is usually a word of purchase and does not attract the rule in *Shelley's* Case unless the language of the instrument discloses that the word was used to designate heirs generally.

6. Same—

   A devise to a life tenant and at her death "to the children or other lineal descendants of the said" life tenant * * * "to them and their heirs, executors and administrators absolutely," *held* not to attract the rule in *Shelley's* Case, since it is apparent that testator was not describing heirs general to take in indefinite succession but wished the remainder to go to the children of the life tenant who survived the life tenant and to the issue of children who predeceased her.

APPEAL by plaintiffs from *Johnston, J.*, May 1965 Civil Session of ROCKINGHAM.

Action for a declaratory judgment to construe the will of W. W. Davis. The pleadings establish these facts:

The will, dated November 20, 1913, was probated in Gaston County on January 10, 1924. By the first provision of his will, testator bequeathed and devised all his property to his wife, Julia Davis, for her lifetime. The second and third provisions are as follows:

> "Second — After the death of my said wife, I give, bequeath and devise all of my property, real, personal and mixed, to Elsie May Johnson, to have and to hold the same to her use for and during her life time.

> "Third — After the death of my said wife and after the death of said Elsie May Johnson, I give, bequeath and devise all of my property, real, personal and mixed, to the children or other lineal descendants of said Elsie May Johnson, to have and to hold the same to them and their heirs, executors and administrators absolutely."

Julia Davis is dead. Elsie May Johnson married David M. Wright. To them were born three children, Julia Davis Wright Chaney, Davis Wilson Wright, Jr., and Hugh Cobb Wright. All three children are over 21 years of age. Elsie May Johnson (Wright) is now 65 years of age. Her husband is dead and she has not remarried.

The assets of testator's estate, now "in the form of cash and other lawful investments," are held by defendant William A. Vaden as trustee for the testamentary beneficiaries. Plaintiffs are Elsie May Johnson (Wright) and her three children. Defendants are the trustee and grandchildren of Elsie May Johnson (Wright) and all

other lineal descendants of Elsie May Johnson (Wright) yet unborn. The minor grandchildren and unborns are represented by their duly appointed guardian *ad litem.*

Plaintiffs contend that the devise to Elsie May Johnson (Wright) constituted an estate in tail which, under the rule in *Shelley's Case* and G.S. 41-1, was converted into a fee simple, and that she is presently entitled to testator's entire estate. Defendants contend that Elsie May Johnson (Wright) took only a life estate. From a judgment decreeing that she took a life estate in the property, "and that upon her death, her children, or other lineal descendants, shall take the remainder in said property in fee," plaintiffs appeal.

*McMichael & Griffin for plaintiff appellants.*

*Charles W. Campbell, Guardian ad litem for Jean Johnson Wright et al, defendant appellees.*

SHARP, J.  This action, being for the construction of a will, should have been brought in Gaston County where the will was admitted to probate. Since, however, no objection on this ground was taken in the court below, the improper venue was waived. *Devereux v. Devereux,* 81 N.C. 12; McIntosh, N. C. Practice and Procedure § 804 (1956).

The question presented by this appeal is whether, in the devise of the remainder after her death, the words *"to the children or other lineal descendants* of said Elsie May Johnson" are words of purchase, or words of limitation which bring the devise within the rule in *Shelley's Case.* (Emphasis added.)

> "The rule in *Shelley's Case* was first stated, 1 Coke 104, in 1581, and is as follows: 'When an ancestor, by any gift or conveyance, taketh an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs in fee or in tail, the word *heirs* is a word of limitation of the estate, and not a word of purchase.'" *Crisp v. Biggs,* 176 N.C. 1-2, 96 S.E. 662.

See also *Martin v. Knowles,* 195 N.C. 427, 142 S.E. 313; *Nichols v. Gladden,* 117 N.C. 497, 500, 23 S.E. 459, 460. "'The rule . . . applies whenever judicial exposition determines that *heirs* are described, though informally, under a term correctly descriptive of other objects, but stands excluded whenever it determines that other objects are described, though informally, under the term *heirs.*'" *Martin v. Knowles, supra* at 430, 142 S.E. at 314.

Without doubt, testator intended that Elsie May Johnson (Wright) should take only a life estate in his property. If, how-

ever, the rule in *Shelley's Case* is applicable, she is entitled to the entire corpus of testator's estate, for it operates " 'as a rule of property without regard to the intent of the grantor or devisor.' " *Hammer v. Brantley*, 244 N.C. 71, 72, 92 S.E. 2d 424, 425; accord, *Chappell v. Chappell*, 260 N.C. 737, 133 S.E. 2d 666. Furthermore, with us the Rule applies to personalty as well as to realty. *Riegel v. Lyerly*, 265 N.C. 204, 143 S.E. 2d 65.

In considering the applicability of the rule in *Shelley's Case*, it is important to draw and constantly keep in mind the difference between words of purchase and words of limitation. When used with reference to the Rule, words of purchase give the remainder to designated persons who thus take in their own right under the will or conveyance, and not by descent as heirs of the first taker. A purchaser, therefore, is one who acquires property in any manner other than by descent. See 1 Mordecai, Law Lectures § 648 (2d Ed. 1916); Black, Law Dictionary 1399 (4th Ed. 1951); Ballentine, Law Dictionary 1369-70 (2d Ed. 1948); 96 C.J.S., Wills § 870 (1957). Words of limitation denote the creation of an estate and define its extent or quality. *Starnes v. Hill*, 112 N.C. 1, 19-20, 16 S.E. 1011, 1016; *Campbell v. Everhart*, 139 N.C. 503, 511, 52 S.E. 201, 204; Ballentine, *op. cit. supra* 760; Black, *op. cit. supra* 1076. They are words

> "which by referring to some other words in the instrument describe the extent or size of an estate that has already attached to some person. And so when the Rule says that the words 'heirs' or the 'heirs of the body' of *A* are words of limitation and not words of purchase, it simply means that 'heirs' or the 'heirs of the body' refer to and are read in connection with the estate given to *A*, extending or modifying that estate, and are not taken as describing a group to whom an estate will first attach." Block, The Rule in *Shelley's* Case in North Carolina, 20 N.C.L. Rev. 49, 50 (1941).

Plaintiffs contend that the devise "to the children or other lineal descendants of said Elsie May Johnson" is the equivalent of a devise to the heirs of her body and that the words are, therefore, words of limitation which create in her a fee tail, converted by G. S. 41-1 into a fee simple.

It is settled in North Carolina, and generally, that the word *children* is ordinarily a word of purchase. *Moore v. Baker*, 224 N.C. 133, 29 S.E. 2d 452; 47 Am. Jur., *Shelley's* Case § 18 (1943). *Children*, standing alone, does not refer to an indefinite line of succession from generation to generation; they are a class within heirs generally. "When the devise is to one for life and after his death to his children or issue, the rule has no application, unless it mani-

festly appears that such words are used in the sense of heirs gen-
erally." *Faison v. Odom,* 144 N.C. 107, 109, 56 S.E. 793, 794. *Accord,
In re Will of Wilson,* 260 N.C. 482, 133 S.E. 2d 189; *Moore v.
Baker, supra; Bobbitt v. Pierson,* 193 N.C. 437, 137 S.E. 160; *Hut-
ton v. Horton,* 178 N.C. 548, 101 S.E. 279; *Smith v. Moore,* 178 N.C.
370, 100 S.E. 702; *Wilkinson v. Boyd,* 136 N.C. 46, 48 S.E. 516;
*Hauser v. Craft,* 134 N.C. 319, 46 S.E. 756.

> " 'Thus, even the word *children,* aided by the context, or the
> word *issue,* uncontrolled by the context, may have all the force
> of the word *heirs,* and then the rule applies; while the word
> *heirs,* restrained by the context, may have only the force of the
> word *children,* and then the rule is utterly irrelevant. These
> are preliminary questions, purely of construction, to be con-
> sidered without any reference to the rule, and to be solved by,
> exclusively, the ordinary process of interpretation. *This* point,
> kept steadily in view, would have prevented infinite confusion.' "
> *Martin v. Knowles, supra* at 430, 142 S.E. at 314.

In paragraph Third of his will, had testator stopped with the
word *children,* no question of the application of the Rule could have
arisen. To sustain their position that the addition of the words "or
other lineal descendants" invokes the Rule, plaintiffs rely on the
case of *In re Will of Wilson, supra.* In *Wilson,* after devising lands
to her three nephews and a grandnephew, testatrix said, "at there
death I want the place to go to there children & so on—I would
love for it to always be the Spain place." This Court was of the
opinion that the phrase *& so on,* coupled with her expressed desire
"for it to always be the Spain place," indicated testatrix' intention
that each succeeding generation should take the property. The
Court held, therefore, that the *Wilson* language was equivalent to
"heirs of the body." The result was that, under the rule in *Shelley's
Case* and the doctrine of merger, the nephews and grandnephew took
an estate tail, converted by G.S. 41-1 into a fee simple. See *Martin
v. Knowles, supra* at 432, 142 S.E. at 314-15.

In the instant case, however, we do not think the superadded
words "or other lineal descendants . . . to have and to hold the
same to them and their heirs, executors and administrators abso-
lutely" demonstrate that testator contemplated an indefinite suc-
cession from generation to generation. On the contrary, the finality
of the term *absolutely* and the use of the disjunctive *or* clearly in-
dicate testator's intention that his estate should vest at the death
of Elsie May Johnson and that, should any of her children prede-
cease her, the issue of such child would take the parent's share. As
the "absolute" takers, he designated those of her children who sur-

vived her or, alternatively, the issue of children predeceasing her. Members of such a class are not heirs "who take generally without exception, as a class of inheritable persons." *Miller v. Harding,* 167 N.C. 53, 54, 83 S.E. 25, 26. In its reference to descendants, the devise in question refers only to descendants of a particular class of heirs, *i.e.,* predeceased children of the life tenant. Thus, the words "children or other lineal descendants" are words of purchase, and the rule in *Shelley's Case* has no application.

We hold, therefore, that Elsie May Johnson (Wright) has only a life estate in the property of testator. At her death, her children then surviving, together with the issue of any predeceased child (which issue will represent their parent), will take the fee simple.

The judgment below is
Affirmed.