MARION DOZIER PUGH v. THOMAS DAVENPORT AND WIFE, EDITH DAVEN-
PORT; THELMA DAVENPORT HASSELL AND HUSBAND, FENTRESS
HASSELL; IDA D. MAITLAND AND HUSBAND, WILL MAITLAND; WILMA
DAVENPORT SPENCER AND HUSBAND, JESSIE L. SPENCER; DALLAS
DAVENPORT AND WIFE, MARGARET D. DAVENPORT; CLARA MAY
DAVENPORT RHODES AND HUSBAND, T. EARL RHODES

No. 812SC1308

(Filed 18 January 1983)

**Wills § 33.1— applicability of Rule in Shelley's Case**
     The Rule in Shelley's Case applied to a devise of land to "Percy Daven-
port for the period of his lifetime. . . . At the death of Percy Davenport I
devise said land to the lawful issue of his body in fee simple forever," where it
appears from an examination of the four corners of the will that the testator
intended to use "lawful issue of his body" in the sense of heirs generally;
therefore, the devisee received a fee simple estate in the devised land. G.S.
41-1.

APPEAL by defendants from *Smith (Donald L.), Judge.* Judg-
ment entered 11 August 1981 in Superior Court, TYRRELL County.
Heard in the Court of Appeals 17 September 1982.

Plaintiff brought this action to determine the ownership of a
tract of land in Columbia Township, Tyrrell County. She claims to
be owner of a marketable fee simple interest as that term is

defined in G.S. 47B-1 through 47B-9, the North Carolina Real Property Marketable Title Act. The defendants contest plaintiff's ownership.

The claims of both parties are based on a record chain of title dating from the will of W. L. Pritchett, which was probated on 8 May 1923. That will devised the land to "Percy Davenport for the period of his lifetime. . . . At the death of said Percy Davenport I devise said land to the lawful issue of his body in fee simple forever."

On 1 October 1927, Davenport and his wife mortgaged the property to H. L. Swain. Swain foreclosed on the property and conveyed it on 13 January 1931 to E. P. Cahoon. The 1931 deed stated "[f]or a more complete and minute description reference is had to the Will of Willis Pritchett. . . ." Cahoon is also listed as purchaser of the land in a 4 April 1935 special proceeding by Tyrrell County for failure to pay drainage district assessments.

On 13 December 1947, Cahoon conveyed the land to James A. Pinner and wife. This deed mentioned Pritchett's will and the two conveyances of the land to Cahoon. The Pinners then conveyed the tract to Henry G. Dozier on 10 April 1954. Their conveyance referred to the deed to them from Cahoon.

Dozier conveyed to the plaintiff on 4 June 1965. His deed referred to the conveyance to him from the Pinners.

The defendants are the surviving lawful issue of the body of Percy Davenport, the life tenant under Pritchett's 1923 will. Davenport died on 29 February 1980. As a result, the defendants base their claim on their status as remaindermen.

In the judgment, the court ruled in favor of the plaintiff primarily on the authority of G.S. 47B-2(c). Even though the court found that both parties had an estate of real property for at least 30 years as required by the statute to be marketable, it held that the plaintiff had superior title because the defendants' interest was not protected under the G.S. 47B-3 exceptions to the statute, and had not been preserved by registration under G.S. 47B-4. The defendants appealed.

*Earnhardt & Busby, by Charles T. Busby, for plaintiff-appellee.*

*Charles W. Ogletree for defendant-appellants.*

ARNOLD, Judge.

This case was argued by both parties on the basis of the Marketable Title Act, G.S. 47B-1 through 47B-9. The effect of the language in the 1923 Pritchett will, however, decides the outcome without any reference to the Act.

Although neither party discussed it in their briefs or oral arguments, the Rule in *Shelley's Case* apparently applies to the devise by W. L. Pritchett. That common law doctrine was born in *Wolfe v. Shelley*, 1 Coke 93b, 76 Eng. Rep. 206 (C.B. 1581), and states:

> When an ancestor, by any gift or conveyance, taketh an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs in fee or in tail, the word heirs is a word of limitation of the estate, and not a word of purchase.

*Crisp v. Biggs*, 176 N.C. 1, 2, 96 S.E. 662, 662 (1918). The Rule in *Shelley's Case* is a rule of law and not a rule of construction. *Hampton v. Griggs*, 184 N.C. 13, 113 S.E. 501 (1922).

In the case *sub judice*, the 1923 devise was to "Percy Davenport for the period of his lifetime. . . . At the death of said Percy Davenport I devise said land to the lawful issue of his body in fee simple forever."

For the Rule to apply, all of the following factors must be present:

> (1) there must be an estate of freehold in the ancestor; (2) the ancestor must acquire that estate in the same instrument containing the limitation to the heirs; (3) the words 'heirs' or 'heirs of the body' must be used in the technical sense meaning an indefinite succession of persons, from generation to generation; (4) the two interests must be either both legal or both equitable; and (5) the limitation to the heirs must be a remainder in fee or in tail.

*Jones v. Stone,* 52 N.C. App. 502, 507, 279 S.E. 2d 13, *disc. rev. denied,* 304 N.C. 195, 285 S.E. 2d 99 (1981). *See also White v. Lackey,* 40 N.C. App. 353, 356, 253 S.E. 2d 13, 15-16, *disc. rev. denied,* 297 N.C. 457, 256 S.E. 2d 810 (1979); *Benton v. Baucom,* 192 N.C. 630, 633-34, 135 S.E. 629, 631 (1926); *Hampton,* 184 N.C. 13, 113 S.E. 501.

Four of these five factors are clearly present here. First, there is "an estate of freehold in the ancestor. . ." since Percy Davenport had a life estate. Second, Percy acquired his estate in the same instrument containing the remainder [Pritchett's 1923 will].

Third, the interests of Percy and the remaindermen are both legal interests. Fourth, the remainder here is in tail because it is limited to Percy's lawful bodily issue.

The fifth requirement for the application of the Rule in *Shelley's Case* is not met so easily, however. It requires "that the words 'heirs' or 'heirs of the body,' *or some equivalent expression* . . . be used in a technical sense as importing a class of persons to take indefinitely in a succession, from generation to generation, in the course marked out by the canons of descent." *Benton,* 192 N.C. at 633, 135 S.E. at 631 (emphasis added).

If "lawful issue of his body" is equivalent to "heirs" or "heirs of the body," the Rule applies. This decision turns on whether "it manifestly appears that such words are used in the sense of heirs generally." *Faison v. Odom,* 144 N.C. 107, 109, 56 S.E. 793, 794 (1907). *Accord, Wright v. Vaden,* 266 N.C. 299, 146 S.E. 2d 31 (1966). *See also* Restatement of Property § 312 comment g (1940).

After an examination of the four corners of the will, which is the appropriate method for determining how "issue" is used here, *Jones,* 52 N.C. App. at 509, 279 S.E. 2d at 17, we find that "issue" was used in the technical sense and that the Rule applies. The remainder was in "fee simple forever." This indicates that an indefinite line of succession, not specific takers, was contemplated at the time of the devise. This interpretation is strengthened by the fact that there is no devise over in case of failure of the remainder because of a lack of takers.

The phrase "at his death" at the beginning of the remainder does not indicate a specific group of takers so as to remove

"issue" from meeting the technical use of "heirs." Limit of the class to "lawful" bodily issue is also not enough to prevent application of the Rule. *Wool v. Fleetwood,* 136 N.C. 460, 48 S.E. 785 (1904).

Thus, the status of the title before application of the Rule was a life estate in Percy Davenport and a remainder in fee tail in his lawful bodily issue forever. After the Rule in *Shelley's Case* operated, Percy had the life estate and the remainder in fee tail. G.S. 41-1 converted the fee tail into a fee simple. Because there is no intervening estate between Percy's two estates, they merged. *See Elmore v. Austin,* 232 N.C. 13, 59 S.E. 2d 205 (1950); *Citizens Bank and Trust Co. v. Watkins,* 215 N.C. 292, 1 S.E. 2d 853 (1939). He was vested with the fee simple interest in 1923. *See generally* Webster, *A Relic North Carolina Can Do Without—The Rule in Shelley's Case,* 45 N.C.L. Rev. 3 (1966); Block, *The Rule in Shelley's Case in North Carolina,* 20 N.C.L. Rev. 49 (1941) (These articles discuss the Rule's history and its application in North Carolina).

We conclude that since Percy Davenport became vested in fee simple in 1923, the defendants have no claim as remaindermen to the land that is the subject of this case. Plaintiff can trace her title back to the 1923 will. She prevails without application or discussion of the Marketable Title Act.

Affirmed.

Judges MARTIN and WHICHARD concur.