ELIZABETH FALK ANDREWS v. EVANDER GRAHAM, HECTOR GRAHAM, JOHN HUGHES, KOSSUTH FALK, VIRGINIA F. (GINNY) KIRKPATRICK, NUNA F. BROWN, EFFIE F. OWENS, JAMES FALK, JR., ELIZABETH McQ. DOARES, LAURIN McQUEEN, DONALD McQUEEN, RAYMOND McQUEEN, OLGA F. MONROE, ELSA F. BRACEY, ALTON ANDREWS, RALPH ANDREWS, RUBY A. ROBINSON, J. L. FALK, EARL C. FALK, ALBERT FALK, GUYON FALK, BOYD FALK, HOWARD FALK, CLOVIS FALK, EVELYN F. RIGGS, MARGARET FALK, GEORGIA F. CONNELL, GERTRUDE F. SMELLEY, ELIZABETH F. SMELLEY, JANICE F. TOOMBS, SALLY HUGHES, EFFA HUGHES, AND THE UNKNOWN HEIRS-AT-LAW OF O. C. FALK, DECEASED; AND CHARLES G. McLEAN, GUARDIAN AD LITEM FOR ANY AND ALL PERSONS WHO ARE, OR MAY BE, NOT NOW IN BEING OR UNDER DISABILITY OR WHOSE NAMES AND RESIDENCES NOT NOW KNOWN, WHO MAY, TO SOME DEGREE OR EXTENT, BE OR BECOME INTERESTED IN THE REAL PROPERTY, THE SUBJECT OF THIS ACTION.

(Filed 7 July, 1961.)

1. Wills § 33—

Where a will devises lands for life to a named person with remainder in fee to another person, and the life tenant dies during the life of testator, the remainderman takes the fee upon the death of testator, nothing else appearing.

**2. Wills § 27—**

The primary objective in the construction of a will is to ascertain the intent of the testator as expressed in the language of the instrument construed in the light of the conditions and circumstances confronting testator at the time he executed the instrument.

**3. Same—**

In reconciling apparently conflicting provisions of a will, greater regard will be given to the dominant purpose of testator rather than to the use of any particular words by him.

**4. Wills § 33— Devisee held to take the fee under the language of this will, subject only to the interest of named persons in income from the estate.**

One of testator's sisters and one of his nieces lived with him as members of his family. The will devised testator's entire farm to this sister for life with remainder in fee to the niece. By subsequent item the will bequeathed all farm implements and personal property used in connection with the operation of the farm to the sister for life and after her death to the niece, together with the income from a part of the farm. By a third item, the will devised all income from the remaining portion of the farm to other named nieces so long as they might live and remain unmarried, with further provision that upon the death of the named nieces and upon the death of the first named niece without issue of her body, the income from the farm should be equally divided between such of testator's nieces as should be living and unmarried. *Held:* The items of the will are not in irreconcilable conflict, and the will devised the fee in the entire lands after the sister's life estate to the niece first named, subject only to the lifetime interest in the income to the named nieces, no later item of the will purporting to dispose of the fee.

**5. Wills § 27—**

The rule that a later provision of a will prevails over an earlier provision applies only where the provisions are wholly inconsistent and incapable of reconciliation.

**6. Wills § 29—**

It will be presumed that testator did not intend to die intestate as to any portion of his estate.

APPEAL by defendants Evander Graham, Laurin McQueen and Donald McQueen from *Hall, J.,* September Term, 1960, of ROBESON.

Civil action, under Declaratory Judgment Act (G.S. 1-253 *et seq.*), for construction of a will, submitted on an agreed statement of facts.

O. C. Falk, a resident of Roberson County, died in September, 1926. His will, dated November 30, 1921, was duly probated in Robeson County.

Decision requires the construction of these dispositive provisions:

"FIRST: I devise my farm on which I now reside, containing

two hundred and sixty-five acres, more or less, and located in Alfordsville Township, Robeson County, North Carolina, to my sister, Elizabeth Falk, for and during her natural life, the remainder in fee to my niece, Elizabeth Falk.

"SECOND: I bequeath to my sister, Elizabeth Falk, all of my live stock, farming utensils and all other personal property used on and in connection with the operation of my farm during her life and after her death to my said niece, Elizabeth Falk, together with all the income from that part of the estate located on the east side of the road leading from Maxton to McKinnis' bridge, it being my desire that that part of my estate shall remain intact for the use of my sister and niece, and it is my further desire that the grove of trees in front of the home and in the back lots and barn-yard shall not be cut down nor destroyed. It is my further desire that my said niece Elizabeth Falk shall have her home upon and her support from the said home place at all times and I hereby charge the said estate with a lien to enforce her rights to a home and support thereon.

"THIRD: I devise and bequeath, after the death of my sister, Elizabeth Falk, all the income from my said farm lands lying on the west side of the road leading from Maxton to McKinnis' bridge, to be equally divided between my nieces, Kossuth Falk, Sallie Hughes, Effa Hughes, Effie Mary Graham, Bell Graham, Alice Graham, Anna Graham and Maggie Graham, so long as they may live and remain unmarried, and in the event one or more of said nieces shall die or shall marry, then and in that event the said income shall be equally divided between those living and unmarried. And in the event my niece Elizabeth Falk, shall die without issue of her body, after the death of my sister, Elizabeth Falk, then the income from that part of my estate on the east side of the Maxton to McKinnis' bridge road shall also be equally divided between such of my said nieces as shall be living and unmarried."

O. C. Falk had no lineal descendants. He was never married. He had four brothers and four sisters, including his sister, Elizabeth Falk, all of whom are now dead. His heirs at law are the lineal descendants of six of his brothers and sisters. All living named defendants were served personally or by publication. Unknown heirs at law are represented herein by Charles G. McLean, Guardian ad litem.

A joint answer was filed by defendants Evander Graham, Donald McQueen and Laurin McQueen. Evander Graham is a son of Mary Jane Falk Graham, a sister of O. C. Falk, who had predeceased him.

Donald McQueen and Laurin McQueen are sons of Sally Falk Mc-Queen, a deceased sister of O. C. Falk. An answer was filed by the guardian *ad litem*. The other defendants did not answer.

For more than twenty years prior to his execution of the will, Elizabeth Falk, his sister, and Elizabeth Falk, his niece, were members of the household of O. C. Falk. Subsequent to his execution of the will, but prior to the death of O. C. Falk, his sister, Elizabeth Falk, died.

Kossuth Falk, Sally Hughes, Effa Hughes, Effie Mary Graham, Bell Graham, Alice Graham, Anna Graham and Maggie Graham, nieces of O. C. Falk and named in the "THIRD" item of his will, are now dead.

At the time of his death, O. C. Falk owned a farm containing 265 acres, more or less, in Alfordsville Township, Robeson County. The farm is divided by a road leading from the Town of Maxton to McKinnis Bridge, running generally in a north-south direction. At the time of the death of O. C. Falk, his niece, Elizabeth Falk, now plaintiff Elizabeth Falk Andrews, was over thirty years of age and was unmarried. She had been in exclusive possession of the entire farm of 265 acres, more or less, continuously, up to and including the date this action was commenced, "receiving therefrom all the rents and profits, subject, however, to the will of O. C. Falk."

Judge Hall's judgment concludes as follows:

> "And the court, after consideration of the arguments of counsel, the facts of this case, the wording of said Last Will and Testament, and the intent of the testator, being of the opinion and concluding that the real property described in said Last Will and Testament was devised to the testator's niece, Elizabeth Falk, (now Elizabeth Falk Andrews, the plaintiff in this case), in fee simple.
>
> "NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that the plaintiff, Elizabeth Falk Andrews, under and by virtue of the Last Will and Testament of O. C. Falk, deceased, is the owner in fee simple of all the real property described in said Last Will and Testament.
>
> "It is FURTHER ORDERED, that the defendants pay the costs of this action to be taxed by the Clerk."

Defendants Evander Graham, Laurin McQueen and Donald Mc-Queen excepted and appealed.

*J. H. Barrington, Jr., for plaintiff, appellee.*
*King & Cox for defendants Evander Graham, Laurin McQueen and Donald McQueen, appellants.*

BOBBITT, J.   In the "FIRST" item, O. C. Falk devised a life estate *in his entire farm* of 265 acres, more or less, to his sister, Elizabeth Falk, for life, and "the remainder in fee" to his niece, Elizabeth Falk. The devise of the life estate to his sister, Elizabeth Falk, lapsed upon her death during the lifetime of O. C. Falk. Nothing else appearing, Elizabeth Falk, testator's niece, now plaintiff Elizabeth Falk Andrews, became the sole owner of the entire farm in fee upon the death of O. C. Falk.

Appellants contend the provisions of the "SECOND" and "THIRD" items are in irreconcilable conflict with the provisions of the "FIRST" item. They contend plaintiff, under the provisions of the "SECOND" and "THIRD" items, upon the death of Elizabeth Falk, testator's sister, acquired no interest in the part of testator's farm lying on the west side of the road; and, as to the part on the east side of the road, plaintiff acquired title thereto in fee only if she should die leaving issue surviving. They contend that, subject to the (lapsed) life estate of Elizabeth Falk, testator's sister, and the (lapsed) devises to the eight named nieces so long as they lived and remained unmarried, all of whom are now dead, title to the part on the west side vested in the persons who were heirs at law of O. C. Falk as of the date of his death; and, if plaintiff should die without leaving issue surviving, the part on the east side of the road will vest in the persons who are heirs at law of O. C. Falk as of the date of plaintiff's death. Thus, appellants contend that, subject to the life interests devised to the testator's sister and to his eight named nieces, O. C. Falk died intestate as to the part of the farm on the west side of the road, and died intestate as to the part on the east side of the road, subject to a life estate in favor of plaintiff, if plaintiff should die without issue surviving.

In the construction of a will, the court's primary objective is to ascertain the intent of the testator, as expressed in the will, in the light of the conditions and circumstances existing at the time he executed the will. *Trust Co. v. Wolfe,* 243 N.C. 469, 473, 91 S.E. 2d 246, and cases cited. When undertaking to reconcile apparently conflicting provisions "greater regard must be given to the dominant purpose of a testator than to the use of any particular words." *Trust Co. v. Waddell,* 234 N.C. 454, 461, 67 S.E. 2d 651; *Trust Co. v. Wolfe,* 245 N.C. 535, 537, 96 S.E. 2d 690.

Clearly, the dominant purpose of O. C. Falk was to provide for his sister, Elizabeth Falk, and for plaintiff. They had lived with him as members of his household, for more than twenty years next preceding the execution of his will.

Since Elizabeth Falk, testator's sister, predeceased him, and since the eight named nieces for whom provision was made in the "THIRD"

item "so long as they may live and remain unmarried" are now dead, their interests lapsed. Provisions relating to them are now relevant only as they may aid in ascertaining the intent of the testator.

In the "SECOND" item, the testator bequeathed to his sister, Elizabeth Falk, for life, and after her death to plaintiff, "all of (his) live stock, farming utensils and all other personal property used on and in connection with the operation of (his) farm." This suggests the testator intended his said sister and plaintiff should continue to operate the farm. Apart from said bequest of the means of operating the farm, it would seem the testator, by the provisions of the "SECOND" item, intended primarily to assure plaintiff a home upon and support from the home place, the part of the farm on the east side of the road, during the lifetime of Elizabeth Falk, the testator's sister. True, the "SECOND" item refers to the income from the part of the farm on the east side of the road. However, no provision thereof purports to dispose of the income from the part of the farm on the west side of the road.

The "THIRD" item contains the provisions providing for a division of income between the eight named nieces "so long as they may live and remain unmarried." These provisions come into play after the death of Elizabeth Falk, testator's sister. No provision of the "THIRD" item purports to devise the fee. The provisions of the "THIRD" item are in conflict with the provisions of the "FIRST" item only to the extent of the lifetime provisions made for the named eight nieces.

Appellants contend the "THIRD" item, providing for the division of income equally between those of the eight named nieces who are living and unmarried, vested in them a life estate in the part of the farm on the west side of the road and a life estate in the part on the east side of the road if plaintiff should die "without issue of her body." In support of this contention, appellants cite *Knox v. Knox,* 208 N.C. 141, 148, 179 S.E. 610. The rule on which they base this contention has been stated succinctly as follows: "A gift for life of the rents, profits, or income from property creates a life estate, but not where other language employed by the testator indicates another intention, as when the testator has made other disposition of the property." 96 C.J.S., Wills § 889. Whether the eight named nieces acquired a life estate, entitling them to possession, or a right to receive the income from the owner of the fee, need not be determined. Their interests, whatever their precise nature, terminated upon their deaths.

Appellants assert that, in the construction of a will, a later provision prevails over an earlier provision. But this general rule of construction applies only where the provisions are "wholly inconsistent and in-

capable of reconciliation." *Bank v. Corl,* 225 N.C. 96, 101, 33 S.E. 2d 613, and cases cited; 57 Am. Jur., Wills § 1128; 95 C.J.S., Wills § 621(b). In our opinion, and we so decide, the later provisions of O. C. Falk's will are not in irreconcilable conflict with the provisions of the "FIRST" item thereof.

It is presumed, under another general rule of construction, "that the testator intended not to die intestate as to any part of his estate." *Armstrong v. Armstrong,* 235 N.C. 733, 736, 71 S.E. 2d 119, and cases cited; 57 Am. Jur., Wills § 1158; 95 C.J.S., Wills § 615.

In the "FIRST" item, O. C. Falk devised the "remainder in fee" in his entire farm, after the life estate of Elizabeth Falk, his sister, to plaintiff. Having so devised the "remainder in fee" in his entire farm, later provisions may be considered in conflict only to the extent they purport to make a different disposition of the testator's farm. But no later provision purports to dispose of the fee. The provision in the "THIRD" item for the eight nieces named therein is for "so long as they may live and remain unmarried." To accept appellants' contention that O. C. Falk died intestate as to the part of the farm on the west side of the road and that he died intestate as to the part on the east side of the road, in the event plaintiff should die without issue surviving, would require us to ignore the explicit and unequivocal provisions of the "FIRST" item. To do this, in our opinion, would not effectuate, but would thwart, the intent of the testator.

Appellants contend the last sentence in the "THIRD" item vests in plaintiff a defeasible fee, contingent on her death with issue surviving; and, since there is no limitation over if she should die without issue surviving, in such event the land descends to the testator's heirs at law. (Incidentally, the provision, "And in the event my niece Elizabeth Falk, shall die without issue of her body, after the death of my sister, Elizabeth Falk," refers only to income from the part of the farm on the east side of the road.)

Decisions cited by appellants to support said contention, namely, *Rees v. Williams,* 165 N.C. 201, 81 S.E. 286, and *Shuford v. Brady,* 169 N.C. 224, 85 S.E. 303, are not in point. This excerpt from the third headnote in *Rees v. Williams, supra,* indicates the factual situation to which such decisions apply: "A testator devised certain of his lands to his daughter J., without words of inheritance, by one item of his will, and by the next item of the will provided that in case J. died leaving issue, then to such issue and their heirs; but should J. die without issue surviving her, then to another daughter and a son of the testator, or their heirs, share and share alike." Here, the testator does not purport to dispose of the fee to any other person or persons upon the contingency of plaintiff's death without issue surviving. He

had already disposed of the fee in the "FIRST" item.

Decisions cited by appellants to support their contention that O. C. Falk died intestate as to the part of the property on the west side of the road and died intestate as to the part on the east side of the road if plaintiff should die without issue surviving, namely, *Jones v. Jones,* 227 N.C. 424, 42 S.E. 2d 620, and *McCallum v. McCallum,* 167 N.C. 310, 83 S.E. 250, are not in point. This excerpt from the second headnote in *McCallum v. McCallum, supra,* indicates the factual situation to which such decisions apply: "(A) devise of land for life to the testator's widow and to his daughters remaining unmarried, without further direction or limitation, expresses the testator's intent to provide the daughters a home so long as they remain single, and at their death unmarried and the death of the widow the lands will descend to his heirs at law." In explicit terms, the testator had devised a life estate and did not purport to dispose of the fee. Here, O. C. Falk disposed of the fee in the "FIRST" item.

When the will is considered as a whole, *Entwistle v. Covington,* 250 N.C. 315, 318, 108 S.E. 2d 603, we are of opinion, and so decide, O. C. Falk devised his entire farm of 265 acres, more or less, to plaintiff in fee simple subject only to the lifetime interests of Elizabeth Falk, his sister, and of the eight nieces named in the "THIRD" item. Hence, the judgment of the court below is affirmed.

Affirmed.