Barnacascel v. Spivey

G. R. BARNACASCEL AND EDNA B. BARNACASCEL, HIS WIFE; W. J. BARNA-
CASCEL AND BERTHA L. BARNACASCEL, HIS WIFE; MAGGIE M. BARNACAS-
CEL, UNMARRIED; MARGARET B. GREGORY AND WILLIAM T. GREGORY, HER
HUSBAND; JEAN B. SEARS AND JOHN R. SEARS, JR., HER HUSBAND;
DOROTHY B. BAKER AND JOHN L. BAKER, JR., HER HUSBAND; EDYTHE
S. DUNSTAN AND F. M. DUNSTAN, JR., HER HUSBAND; BLANCHE S.
WHITE AND E. R. WHITE, HER HUSBAND; RUTH S. WHITEHURST AND
JOHN E. WHITEHURST, HER HUSBAND; INEZ E. TADLOCK AND L. B. TAD-
LOCK, JR., HER HUSBAND; A. B. EVANS AND ELLA H. EVANS, HIS WIFE;
H. W. EVANS AND RUBY P. EVANS, HIS WIFE; WILLIE E. CHAMBLEE AND
JOHN S. CHAMBLEE, HER HUSBAND; CAROLYN E. SCALES AND A. H.
SCALES, HER HUSBAND; JANE BUTTERTON COBB AND VERNON COBB, HER
HUSBAND; ANN P. HUGHES AND J. O. HUGHES, HER HUSBAND; SALLY P.
GIORDANO, DIVORCED; SOPHIA W. COBB AND HILARY J. COBB, HER HUS-
BAND; MARTIN H. WHITE AND ELIZABETH B. WHITE, HIS WIFE; WALTER
T. WHITE AND SUE W. WHITE, HIS WIFE; AND SOPHIA B. WHITE,
WIDOW, PETITIONERS v. R. B. SPIVEY, ADMINISTRATOR OF THE ESTATE
OF ANNA W. PHELPS; PAUL WATERS AND PATRICIA C. WATERS, HIS
WIFE; EDLA B. WICKER AND TRAVIS A. WICKER, HER HUSBAND; DON-
NEL G. WATERS AND EUNICE S. WATERS, HIS WIFE; CECIL B. WATERS
AND NEVA F. WATERS, HIS WIFE; CORA L. NEWBERN AND KENNETH W.
NEWBERN, HER HUSBAND; MERELYNN W. BAKER AND MAVIN E. BAKER,
HER HUSBAND; HELEN R. WATERS, UNMARRIED; JAMES E. WATERS AND
CELIA W. WATERS, HIS WIFE; MARY E. WATERS, WIDOW; EUGENE W.
WATERS AND PRISCILLA G. WATERS, HIS WIFE; CONNIE W. WRIGHT AND
STANFORD W. WRIGHT, HER HUSBAND; NANCY W. DUNAWAY AND PAUL
W. DUNAWAY, HER HUSBAND; GLADYS W. HARDING, WIDOW; RUTH W.
BOND, WIDOW; SARA W. SQUIRE AND EDWARD A. SQUIRE, HER HUSBAND;
CATHERINE W. GOUGH AND MELVIN N. GOUGH, HER HUSBAND; WILLIAM
N. WATERS AND RUTH S. WATERS, HIS WIFE; FRANK B. ANTHONY, JR.,
AND BARBARA J. ANTHONY, HIS WIFE; LEON L. BAKER AND LILLIAN
V. BAKER, HIS WIFE; H. CLYDE BAKER AND EDNA C. BAKER, HIS WIFE;
NETA B. THREEWICTS, WIDOW; BULA B. DARDEN AND EDWIN A. DAR-
DEN, JR., HER HUSBAND; LELLA S. JENKINS, WIDOW; ADDIE S. SWAIN,
WIDOW; T. B. SITTERSON, JR. AND MARY B. SITTERSON, HIS WIFE;
BEACHER W. SITTERSON AND ANNE M. SITTERSON, HIS WIFE; JACK
SITTERSON AND DORIS N. SITTERSON, HIS WIFE; KATHRYN S. PEELE AND
ROBERT E. PEELE, HER HUSBAND; ALLEN E. SITTERSON AND SHEILA M.
SITTERSON, HIS WIFE; JEAN S. LAFATA AND PAUL S. LAFATA, HER
HUSBAND; HELEN S. SPIVEY, WIDOW; AND SADIE S. HOGGARD, WIDOW;
RESPONDENTS

No. 716SC193

(Filed 26 May 1971)

1. Wills § 33— Rule in Shelley's case — lapsed devise

Rule in Shelley's case did not apply to devise to testator's son
for life with the remainder "to his children in fee simple"; conse-
quently, the son received only a life estate and upon the death of the
son without having a child or children, the devise of the remainder
lapsed.

Barnacascel v. Spivey

**2. Wills § 52— residuary clauses — construction**

> Testator intended to dispose of the residue of his real property by Item Eighth of his will which devised "all the lands owned by me at the time of my death (and not otherwise disposed of herein)," and to dispose of the residue of his personal property by Item Tenth which divided "all the residue of my estate after taking out the devises and legacies hereinbefore mentioned"; consequently, a lapsed devise of a remainder interest in real property passed under Item Eighth of the will.

APPEAL by respondents from *Tillery, Judge,* November 1970 Civil Session of the Superior Court held in BERTIE County.

This is a Special Proceeding for sale of a tract of land in Bertie County, N. C., on petition for partition. An issue as to title being raised by the pleadings, the cause was submitted to the Judge of Superior Court for determination. The pertinent facts, which are established by the pleadings, and the varying contentions of the parties, may be summarized as follows:

Asa Phelps died seized of the land which is the subject of this proceeding and which was known as the Hymans Ferry Plantation. He left a last will dated 19 August 1893 which was probated in Bertie County on 27 January 1897. Item Sixth of this will contains the following:

> "SIXTH. I loan to my son James Dorsey Phelps during his life my Hymans Ferry Plantation which I bought of Kenneth Sallenger and others and upon which my said son now lives and after his death I give and devise the same to his children in fee simple."

James Dorsey Phelps, the devisee of the life estate named in Item Sixth, died on 7 November 1940 without having had a child or children.

Items Eighth and Tenth of the will of Asa Phelps are as follows:

> "EIGHTH. I loan to my daughters Minnie J. Phelps, Maggie A. Phelps, Bertie Caroline Phelps and Blanche Cleveland Phelps all the lands owned by me at the time of my death (and not otherwise disposed of herein) during their lives and give and devise the same in fee simple to their children. Should any of them die without children their interest goes to the survivors of my said daughters

during their life time and to the children of such my said daughters as leave children surviving them.

"I especially request that my 'Brimage' Plantation be kept in the family and that under no circumstances it be disposed of."

\* \* \* \* \*

"TENTH. My will and desire is that all the residue of my estate (if any) after taking out the devises and legacies hereinbefore mentioned and the payment of debts and funeral expenses shall be equally divided and paid over to my wife Fruzy A. Phelps, to my son John R. Phelps and to my daughters Minnie J. Phelps, Maggie A. Phelps, Bertie Caroline Phelps and Blanche Cleveland Phelps share and share alike."

Fruzy A. Phelps, wife of Asa Phelps, died intestate and her only children and heirs were her son, John, and her four daughters, Minnie, Maggie, Bertie, and Blanche, who were the other beneficiaries named in Item Tenth of the will of Asa Phelps. All five of these children are now deceased. The petitioners in the present proceeding are children or successors in interest to the children of the four daughters, Minnie, Maggie, Bertie and Blanche. Respondents are successors in interest to the son, John.

All parties to this proceeding agree that upon the death of James Dorsey Phelps without having had child or children, the devise of the remainder interest in the Hymans Ferry Plantation lapsed. Petitioners contend that such remainder thereupon passed to them or to their predecessors in interest under Item Eighth of the Asa Phelps will and that collectively they are now the owners of the entire interest in the property. Respondents contend that the lapsed devise passed under Item Tenth and not under Item Eighth of the will, that petitioners collectively hold only a four-fifths undivided interest in the property, and that respondents, as successors in interest to the son, John R. Phelps, are the owners of the remaining one-fifth undivided interest.

After hearing the parties, Judge Tillery entered an order making findings of fact from the allegations and admissions in the pleadings, upon which he concluded and adjudged as follows:

"From an examination of the pleadings and of the pertinent provisions of the will of Asa Phelps, which are

Barnacascel v. Spivey

set forth therein, the Court concludes that, except for orders with respect to sale of the lands described in the petition and disbursement of the proceeds, which may be made by the Clerk upon the proceeding's being remanded to him for further proceedings, the sole question before the Court is whether the Eighth Item or the Tenth Item of the will of Asa Phelps governs the disposition of real property forming a part of his residuary estate, which is a question of law.

"Upon considering the will of the said Asa Phelps, the Court makes the following conclusions of law:

"1. That the said will must be construed as a whole.

"2. That, so far as is possible, apparent inconsistencies, if any, in provisions of the will must be resolved, and effect must be given to every part.

"3. That the Eighth Item and Tenth Item of the will of Asa Phelps are not inconsistent or repugnant to each other and effect can be given to both of them if the Eighth Item is construed to dispose of real property and the Tenth Item to dispose of personal property.

"4. That an intention on the part of the testator that the Tenth Item should relate only to personal property appears from the reference in that item to 'the residue of my estate (if any) after taking out the devises and legacies hereinbefore mentioned' and the provision therein that the residue 'shall be equally divided and paid' to the beneficiaries named.

"5. That the proper construction to be placed upon the will is that the Eighth Item relates to real property, including the remainder in the Hyman Ferry Farm after the death of James Dorsey Phelps without a child or children, and the Tenth Item relates to personal property.

"6. That it follows from such construction of the will and admissions in the pleadings that the petitioners named in Paragraph 17 of the petition are the owners in fee simple as tenants in common of the Hyman Ferry Farm, their respective undivided interests being as stated in that paragraph.

---

---

"IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED:

"1. That the petitioners named in Paragraph 17 of the petition are the owners in fee simple as tenants in common of the Hyman Ferry Farm, their respective undivided interests being as stated in said paragraph.

"2. That the respondents have no estate or interest in the said tract of land.

"3. That this special proceeding is remanded to the Clerk of the Superior Court of Bertie County for further orders and proceedings with respect to the sale of the Hyman Ferry Farm for partition, as prayed in the petition.

"This 18 day of November, 1970.

"s/ L. BRADFORD TILLERY
"Judge Presiding"

To this judgment respondents excepted and appealed.

*Gillam & Gillam, by M. B. Gillam, Jr., for petitioner appellees.*

*Pritchett, Cooke & Burch, by W. L. Cooke, for respondent appellants.*

PARKER, Judge.

[1] We agree with the parties and with the trial judge that by Item Sixth of the will of Asa Phelps his son, James, received only a life estate and that the devise of the remainder after his death "to his children in fee simple" did not invoke the Rule in *Shelley's* case. *Wright v. Vaden*, 266 N.C. 299, 146 S.E. 2d 31; *Griffin v. Springer*, 244 N.C. 95, 92 S.E. 2d 682; *Moore v. Baker*, 224 N.C. 133, 29 S.E. 2d 452. Therefore, upon the death of James without having had a child or children, the devise of the remainder lapsed. By virtue of the statute in effect at the date of the testator's death, being Sec. 2142 of the Code of 1883, unless a contrary intention shall appear by the will, a lapsed devise "shall be included in the residuary devise (if any) contained in such will." The only question presented by this appeal is whether "the residuary devise" under which the lapsed devise passes in

this case is Item Eighth or Item Tenth of the will. We agree with the trial court's conclusion that it passed under Item Eighth.

[2]   Upon a superficial examination, there is an apparent inconsistency in the Asa Phelps will in that either Item Eighth or Item Tenth, looked at alone, might adequately serve as a residuary devise. Upon closer inspection, however, and examining the entire will, as we are required to do, the apparent inconsistency disappears. "The intent of the testator is his will, and such intent as gathered from its four corners must be given effect unless it is contrary to some rule of law or is in conflict with public policy." *Kale v. Forrest*, 278 N.C. 1, 178 S.E. 2d 622. Further, "[i]t is a cardinal principle in the interpretation of wills that inconsistencies are to be reconciled, if reasonably accomplishable, so as to give effect to each in accordance with the general purpose of the will." *Bank v. Corl*, 225 N.C. 96, 33 S.E. 2d 613. Any apparent inconsistency in the Asa Phelps will disappears when Item Tenth is construed as a disposition of the residue of the testator's personal property and Item Eighth is construed as a disposition of the residue of the testator's real property. The words employed by the testator in both Items, as well as their position in the will, lend support to this construction. In Item Eighth the testator expressly disposed of "all the lands owned by me at the time of my death (and not otherwise disposed of herein)." As pointed out by Walker, J., in *Faison v. Middleton*, 171 N.C. 170, 171, 88 S.E. 141, 142, ". . . no particular mode of expression is necessary to constitute a residuary clause. The words 'rest,' 'residue,' or 'remainder' are commonly used in the residuary clause, whose natural position is at the end of the disposing portion of the will; but all that is necessary is an adequate designation of what has not otherwise been disposed of, and the fact that a provision so operating is not called the residuary clause is immaterial." In Item Eighth Asa Phelps did dispose of all lands "not otherwise disposed of." This effectively disposed of all lands owned by the testator at the time of his death. In Item Tenth he disposed of "all the residue of my estate (if any) after taking out the devises and legacies hereinbefore mentioned. . . . " Among the devises "hereinbefore mentioned" was the devise in Item Eighth of *all* lands owned by the testator at the time of his death not otherwise disposed of in the will. Further, Item Tenth directed that any residue passing under that Item should be "equally divided and

paid over," words more appropriate for disposition of personal property than for real property.

Respondents contend that in resolving any inconsistency between Items Eighth and Tenth the latter provisions must prevail in accordance with the general rule of construction of wills. To produce this effect, however, the two clauses must be wholly inconsistent and incapable of reconciliation. *Andrews v. Graham,* 255 N.C. 267, 120 S.E. 2d 734; *Bank v. Corl, supra.* As above noted, we agree with the trial court's conclusion that the two Items of the Asa Phelps will involved in this case are capable of reconciliation and in our opinion the trial court's judgment is in accord with a correct construction of the will. Accordingly, the judgment appealed from is

Affirmed.

Chief Judge MALLARD and Judge VAUGHN concur.