DENNIS RAY SUMMEY, by his Next Friend, JOHN LESPIE SUMMEY, and RHONDA S. HUGHES, by her Next Friend, JERRY HUGHES, Plaintiffs, v. HERMAN McDOWELL and Wife, OPAL McDOWELL, Defendants and VONZELLE WOOD SUMMEY NEWSOME and Husband, ROBERT JOE NEWSOME, SHIRLEY SUMMEY PARKS and Husband, ODELL PARKS, LEWIS WOOD and Wife, LEONA WOOD, HOMER WOOD (Divorced), BERNICE WOOD SKEEN and Husband, WAN SKEEN, and any Unborn Children of VONZELLE WOOD SUMMEY NEWSOME and J. HOWARD REDDING, Guardian ad Litem for any Unborn Children of VONZELLE WOOD SUMMEY NEWSOME, Additional Defendants

No. 6819SC291

(Filed 18 September 1968)

**Wills § 33— rule in Shelley's case**

A devise to testator's daughter for life, and at her death "to the children of her body," but if she should die without leaving a child or children, then to the named brothers and sisters of the life tenant, is *held* to convey only a life estate to the daughter, the rule in *Shelley's* case not being applicable since the words "children of her body" are words of purchase and not of limitation.

APPEAL from *Martin, Robert M., S.J.,* 10 May 1968 Session, RANDOLPH County Superior Court.

Plaintiffs seek a permanent injunction restraining the original defendants from cutting timber on certain lands in Randolph County. Plaintiffs claim to be the owners of a two-thirds undivided interest subject to the life estate of their mother, Vonzelle Wood Summey Newsome (Vonzelle), in a tract of land containing some 75 acres. Plaintiffs further assert that Vonzelle and her husband had executed a timber deed to the original defendants conveying the timber on said lands, that the original defendants were preparing to cut said timber, that the plaintiff would thereby be irreparably damaged and that they were entitled to a permanent injunction restraining the original defendants from cutting and removing the timber. The original defendants filed a motion to make Vonzelle and the other defendants additional defendants in the cause for that the original defendants were claiming title to the timber by virtue of a timber deed from Vonzelle and that the other defendants were necessary parties for a complete determination as to the title of the land in question.

J. Howard Redding, guardian ad litem for the unborn children of Vonzelle, adopted the complaint filed in the cause. Vonzelle and her husband, Robert Joe Newsome, additional defendants, filed an answer claiming to own the land in question in fee simple pursuant to the last will and testament of her father, R. J. Wood; that they

had conveyed the timber on said land to the original defendants and, pursuant thereto, the original defendants were entitled to the timber. The other additional defendants were properly served with process but filed no pleadings.

The matter was heard without a jury. The question involved depended upon the interpretation of the last will and testament of R. J. Wood, which will bears date, 27 February 1946, and, among other things, provided with regard to the 75 acres of land in question:

> ". . . seventy five acres, to my daughter, Vonzelle Wood Summey, for her natural life and after her death to the children of her body, but in the event she should die without leaving a child or children, then and in that event, the said lands are to go to Lewis Wood, Homer Wood, Bernice Wood Skeen in fee simple, share and share alike."

The will further provided:

> "I give, divise (sic) and bequeath all of the residue of my property, both real and personal, to my beloved children, Lewis Wood, Homer Wood, Bernice Wood Skeen and Vonzelle Wood Summey, share and share alike."

Judge Martin found that Vonzelle had only a life estate in the property, and upon her death, the property should go to the children of her body in fee simple, providing she left a child or children, and if not, then it was to go to Lewis Wood, Homer Wood, and Bernice Wood Skeen in fee simple, share and share alike. The injunction against the original defendants was made permanent. From this judgment, this appeal was taken.

*Walker, Bell & Ogburn by John N. Ogburn, Jr., Attorneys for original defendant appellants.*

*Ottway Burton, Attorney for Vonzelle Wood Summey Newsome and Robert Joe Newsome, additional defendants.*

*L. T. Hammond, Sr., Attorney for plaintiff appellee.*

Campbell, J.

The appellants assert that Vonzelle is the owner in fee of the land in question, together with the timber thereon, by virtue of the application of the rule in *Shelley's case.*

> "The rule in *Shelley's Case* was first stated, 1 Coke, 104, in 1581, and is as follows: 'When an ancestor, by any gift or conveyance, taketh an estate of freehold, and in the same gift or

conveyance an estate is limited, either mediately or immediately, to his heirs in fee or in tail, the words *heirs* is a word of limitation of the estate, and not a word of purchase.' " *Crisp v. Biggs,* 176 N.C. 1-2, 96 S.E. 662.

The application of the rule in *Shelley's case* always presents a puzzling question, and much law has been written pertaining thereto. As Chief Justice Stacy stated in *Welch v. Gibson,* 193 N.C. 684, 138 S.E. 25:

> "Or forsooth did the student answer with a correct guess, when, on being asked the meaning of the rule, he said: 'The rule in *Shelley's case* is very simple if you understand it. It means that the same law which was applied in that case applies equally to every other case just like it.'? And so it does. But when is a case 'just like it', or so nearly so as to come within the operation of the rule?"

As stated by Sharp, J., in *Wright v. Vaden,* 266 N.C. 299, 146 S.E. 2d 31:

> "In considering the applicability of the rule in *Shelley's Case,* it is important to draw and constantly keep in mind the difference between words of purchase and words of limitation. When used with reference to the Rule, words of purchase give the remainder to designated persons who thus take in their own right under the will or conveyance, and not by descent as heirs of the first taker. A purchaser, therefore, is one who acquires property in any manner other than by descent."

In the instant case, the will provides that in the event Vonzelle should die without leaving a child or children, then in that event, the lands are to go to "Lewis Wood, Homer Wood, Bernice Wood Skeen in fee simple, share and share alike." These persons are the brothers and sister of Vonzelle and, therefore, this case falls in the line of cases similar to *Puckett v. Morgan,* 158 N.C. 344, 74 S.E. 15, where the provision was:

> "I leave Martha Morgan, the wife of James Morgan, 48½ acres of land, known as the Rachel tract, on the east side, during her life, then to her bodily heirs, if any; but if she have none, back to her brothers and sisters."

In that case, it was held that the rule in *Shelley's case* did not apply. In commenting on that case in *Hampton v. Griggs,* 184 N.C. 13, at page 18, (113 S.E. 503) Mr. Justice Stacy (later Chief Justice) stated:

"Here, it will be observed, the ulterior devise, upon the happening of the given contingency, provided that the estate should be taken out of the first line of descent and then put back into the same line, in a restricted manner, by giving it to some, but not to all, of those who presumptively would have shared in the estate as being potentially among the heirs general of the first taker. Looking at the instrument from its four corners, and using this provision, among others, as one of the guides for ascertaining the paramount intent or the dominant purpose of the testator, it was held that the words 'then to her bodily heirs, if any,' were not used in their technical sense as importing a class of persons to take indefinitely in succession, generation after generation, but as meaning issue or children living at her death."

For a similar application and answer to the question, see *Taylor v. Honeycutt*, 240 N.C. 105, 81 S.E. 2d 203.

Reviewing the numerous excellent expositions of when the rule applies and when it does not apply would be an act of supererogation. Suffice it to say in the instant case, the words "children of her body" are words of purchase and not of limitation.

Affirmed.

Mallard, C.J. and Morris, J., concur.