DENNIS RAY SUMMEY, BY HIS NEXT FRIEND, JOHN LESPIE SUMMEY, AND RONDA S. HUGHES, BY HER NEXT FRIEND, JERRY HUGHES, PLAINTIFFS v. HERMAN McDOWELL AND WIFE, OPAL McDOWELL, DEFENDANTS AND VONZELLE WOOD SUMMEY NEWSOME AND HUSBAND, ROBERT JOE NEWSOME; SHIRLEY SUMMEY PARKS AND HUSBAND, ODELL PARKS; LEWIS WOOD AND WIFE, LEONA WOOD; HOMER WOOD (DIVORCED); BERNICE WOOD SKEEN AND HUSBAND, WAN SKEEN; AND ANY UNBORN CHILDREN OF VONZELLE WOOD SUMMEY NEWSOME; AND J. HOWARD REDDING, GUARDIAN AD LITEM FOR ANY UNBORN CHILDREN OF VONZELLE WOOD SUMMEY NEWSOME, ADDITIONAL DEFENDANTS

No. 6919SC19

(Filed 26 February 1969)

1. **Appeal and Error § 14— appeal from judgment rendered out of term — appeal entry**

    G.S. 1-279 and G.S. 1-280 require an appellant who gives notice of appeal from a judgment rendered out of term to cause his appeal to be entered by the clerk on the judgment docket within ten days after notice thereof.

2. **Appeal and Error § 41— form of record and proceedings — two or more appeals in one action**

    Rule of Practice in the Court of Appeals No. 19(b), which renders necessary only one copy of the record and trial proceedings where there are two or more appeals in one action, is not applicable where the appeal of the original defendants was docketed and argued in the Court of Appeals prior to the time the additional defendants in the same case were required to serve their case on appeal.

**3. Appeal and Error § 67—— effect of decision of Court of Appeals — res judicata as to additional defendants**

Where appeal of original defendants was docketed in the Court of Appeals prior to the time additional defendants in the same case were required to serve their case on appeal, decision of the Court on the appeal of the original defendants, which decision was filed prior to time the additional defendants were required to docket their case on appeal, is not *res judicata* as to the additional defendants.

**4. Evidence § 22— relevancy of evidence — judgments and records of former trials**

In an action to determine title to timber land under a will executed in 1946, trial court properly excluded as irrelevant court records, both criminal and civil, relating to the domestic difficulties of plaintiff's next friend occurring in 1964 and 1965.

APPEAL by additional defendants Vonzelle Wood Summey Newsome and husband, Robert Joe Newsome, from *Martin, S.J.,* 29 April 1968 Session of Superior Court of RANDOLPH County.

This case was here before on a record on appeal filed by the original defendants, Herman McDowell and wife, Opal McDowell, on 5 July 1968 and is reported as *Summey v. McDowell,* 2 N.C. App. 360, 163 S.E. 2d 115. It is now here on an appeal by the additional defendants.

This civil action was instituted by the plaintiffs, seeking a permanent injunction against the original defendants restraining them from cutting timber on the lands described in the complaint. The original defendants alleged that they claimed title to the timber by virtue of a timber deed from Vonzelle Newsome and husband, Robert Joe Newsome, and that the additional defendants were necessary parties for a complete determination of the question of title to both the land and timber.

Judge Martin found that Vonzelle had only a life estate in the property, and upon her death, the property should go to the children of her body in fee simple, providing she left a child or children; and if not, then it was to go to Lewis Wood, Homer Wood, and Bernice Wood Skeen in fee simple, share and share alike. The injunction against the original defendants was made permanent. From this judgment, this appeal was taken.

*L. T. Hammond, Sr., for plaintiff appellees.*

*Ottway Burton for additional defendants Vonzelle Wood Summey Newsome and Robert Joe Newsome, appellants.*

MALLARD, C.J.

This record on appeal was docketed here on 20 September 1968 and is from the same trial as the appeal of the original defendants. The record in the original defendants' appeal reveals that the case was heard "at the May 10, 1968 Session of Randolph Superior Court," and the record here reveals that the case was heard "at the April 29, 1968 Session of Randolph Superior Court." However, it is clear upon reading the two records that the appeal is from the same trial and judgment that the original defendants appealed from and that the actual trial occurred on 10 May 1968 at the 29 April 1968 Session of Superior Court of Randolph County, and the judgment was signed 25 May 1968.

There is no mention made in the record on appeal of the original defendants that the additional defendants had also appealed. The appeal of the original defendants was argued in this Court on 28 August 1968 and opinion was filed on 18 September 1968.

**[1]** The appeal entries of the additional defendants contained in this record on appeal reveal that although they are dated 25 May 1968, in chambers, they were not actually filed until 13 August 1968. There is nothing in the record indicating where these appeal entries were located during that time. The record brought up on the appeal of the original defendants does not show that an appeal was taken by the additional defendants at the trial. The record on appeal now brought up by the additional defendants shows "these appeal entries entered as of the 25th day of May, 1968, in Chambers." However, the plaintiff appellees do not move to dismiss for a failure to comply with the provisions of G.S. 1-279 and G.S. 1-280, which, among other things, require an appellant who gives notice of appeal from a judgment rendered out of term to cause his appeal to be entered by the clerk on the judgment docket within ten days after notice thereof. Both records are silent as to whether this appeal entry was *entered by the clerk on the judgment docket* before it was filed, as required by the statute. *Mason v. Commissioners of Moore,* 229 N.C. 626, 51 S.E. 2d 6. Counsel for appellees admits on oral argument that the case on appeal was timely served, and the record reveals that the record on appeal was docketed within the time provided by the Rules of this Court. The question of whether appellants failed to comply with the provisions of G.S. 1-279 and G.S. 1-280 is not presented or decided.

**[2]** A motion was filed by appellees to dismiss the appeal of the additional defendants for that, among other things, the appellants failed to comply with the provisions of Rule 19(b) of the Rules of

Practice in the Court of Appeals of North Carolina. This rule reads as follows:

> "(b) *Two Appeals.* When there are two or more appeals in one action, only one copy of the record and the proceedings of the trial in the trial tribunal shall be necessary. In the event counsel cannot agree, the trial tribunal shall determine which of the methods described in Rule 19(d) shall be followed, who is to prepare it, and the part of the costs to be advanced by each appealing party."

The appeal of the original defendants was docketed in this Court on 5 July 1968, which was before these additional defendants were required by order of the trial judge to serve their case on appeal. There is nothing in the record in either case which would make the provisions of Rule 19(b) applicable. Additional defendants, if they comply with the applicable rules in giving notice of, serving, and docketing their appeal, are entitled to be heard on proper assignments of error. The fact that other defendants may have docketed a record on appeal in the same case does not deprive additional defendants of the right to be heard.

**[3]**   Appellees also move that appellants' case on appeal be dismissed for that, appellees contend the decision of this Court on the appeal of the original defendants is *res judicata* as to these additional defendants. This contention is without merit because to so hold would deprive the additional defendants of the right to have their proper assignments of error considered.

**[4]**   On this appeal the additional defendants, appellants, assign as error and bring forward in their brief a contention that the trial court committed error in refusing to admit into evidence the following Randolph County records:

> "*State vs. Lespie Summey* — Recorder's Court File No.23318B
> *Vonzelle Wood Summey vs. John Lespie Summey* — Judgment Roll No. A33202.
>
> *Vonzelle Wood Summey vs. John Lespie Summey* — Judgment Roll No. A33203".

All of these records relate to the individual, John Lespie Summey, who as an individual is not a party to this action. The connection he has with this case is as next friend of the plaintiff Dennis Ray Summey.

The first record excluded by the trial court is in the case of *State v. Lespie Summey.* In this record the verdict and sentence is revealed,

and also it is shown that Vonzelle Summey is the affiant in a warrant issued under date of 20 April 1963, charging Lespie Summey with abandonment and nonsupport of his wife, Vonzelle Summey, and two minor children, Ronda Faye Summey and Dennis Ray Summey. In this connection it is noted that the will of R. J. Wood under which the parties claim title to the timber and land involved in this case is dated 27 February 1946. Appellants assert in their brief that R. J. Wood died prior to 7 October 1946. This action was instituted on 4 May 1967. We are of the opinion and so hold that it was not prejudicial error to exclude this criminal record.

The second record excluded by the trial court is judgment roll #A33202 in the case of *Vonzelle Wood Summey v. John Lespie Summey.* This action was instituted on 22 July 1964 for custody of the child, Dennis Ray Summey, support, and alimony without divorce against John Lespie Summey by his wife, Vonzelle Wood Summey. In this record there is included, among other things, summons, complaint, answer, many affidavits, a final account by Lewis E. Wood, Executor of the Estate of Celia Ann Snider Wood which was filed 9 January 1964, many orders, many motions, contempt citations against John Lespie Summey, and a consent judgment dated 29 September 1965. We are of the opinion and so hold that it was not prejudicial error to exclude this judgment roll containing a record of marital difficulties between Vonzelle Wood Summey and John Lespie Summey.

The third and last record excluded by the trial court is judgment roll #A33203 in the case of *Vonzelle Wood Summey v. John Lespie Summey.* This action was instituted 4 June 1965 for an absolute divorce, in which it is alleged by Vonzelle Wood Summey that she and John Lespie Summey were married 17 April 1940 and lived together as husband and wife until their separation on or about 9 March 1964. In this case, after service by publication was had, John Lespie Summey filed an answer admitting the allegations of the complaint. Judgment of divorce was entered, after trial by jury, on 29 September 1965. We are of the opinion and so hold that it was not prejudicial error to exclude this judgment roll.

On this appeal the additional defendants contend that the trial court committed error in making permanent the restraining order against the original defendants, in signing the judgment, and in holding therein as a matter of law that the Rule in Shelley's Case does not apply in construing that portion of the will of R. J. Wood relating to the land and timber involved here. The pertinent parts

of the will are quoted in the decision of this Court in the appeal of the original defendants.

In the appeal of the original defendants in *Summey v. McDowell,* 2 N.C. App. 360, 163 S.E. 2d 115, the same question of the applicability of the Rule in Shelley's Case to the same portion of the will of R. J. Wood was presented, argued, and decided. The decision there controls here.

In the assignments of error of the additional defendants, we find no prejudicial error. The judgment of the Superior Court entered herein is

Affirmed.

BRITT and PARKER, JJ., concur.